675 So.2d 625 (1996)
Shawn GEARY, Appellant,
v.
STATE of Florida, Appellee.
No. 95-00328.
District Court of Appeal of Florida, Second District.
May 22, 1996.
James Marion Moorman, Public Defender, and Andrea Norgard, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Scott A. Browne, Assistant Attorney General, Tampa, for Appellee.
FULMER, Judge.
The defendant appeals his convictions and sentences for second degree grand theft and leaving the scene of an accident with injury. He raises four issues: (1) the evidence did not establish that the defendant knew a person had been injured when he left the scene of the accident; (2) the trial court did not properly instruct the jury that it must find the defendant knew of the injury; (3) the prosecutor improperly commented on the defendant's failure to call a witness; and (4) the trial court improperly included points for severe victim injury in the sentencing guidelines scoresheet.
We decline to address the first two issues because the defendant waived appellate review and the errors asserted are not fundamental. At the close of the state's case, defense counsel moved for a judgment of acquittal as to various charges filed against *626 the defendant. However, with respect to the charge of leaving the scene of an accident with injury, counsel made no argument regarding sufficiency of the evidence. Instead, counsel stated, "Judge, as to Count IV, I don't have any argument whatsoever. I believe we have admitted that count." To preserve an issue for appellate review, it "must be presented to the lower court and the specific legal argument or ground to be argued on appeal must be part of that presentation if it is to be considered preserved." Tillman v. State, 471 So.2d 32, 35 (Fla.1985).
As to the jury instruction issue, the defendant neither requested that a specific instruction be given nor objected to the instruction that was given. "Failing to instruct on an element of the crime over which the record reflects there was no dispute is not fundamental error and there must be an objection to preserve the issue for appeal." State v. Delva, 575 So.2d 643, 645 (Fla.1991).
We also decline to address the third issue because we find the defendant's challenge to the state's comments to be without merit. Therefore, having determined that the alleged trial errors were either waived or are without merit, we affirm the convictions.
We address the fourth issue because we agree that victim injury points should not have been included in the scoresheet calculation. The defendant argues that there is no nexus between the crimes he was convicted of and the victim's injury and that the victim's injury was not severe. We agree with the first argument. The offenses for which the defendant was charged occurred in April of 1994. Section 921.0011(7), Florida Statutes (Supp.1994), in relevant part, defines victim injury as "the physical injury or death suffered by a person as a direct result of the primary offense, or any offense other than the primary offense, for which an offender is convicted and which is pending before the court for sentencing at the time of the primary offense." Florida Rule of Criminal Procedure 3.702(d)(5) provides that victim injury points are "scored for physical injury or death suffered by a person as a direct result of any offense pending before the court for sentencing." Thus, the question presented is whether the victim's injury was a direct result of the defendant's crimes.
We conclude that the injury was not the direct result of either the grand theft or the leaving the scene of an accident with injury charge. The fact that the defendant stole the car he was driving three days prior to the auto accident did not cause the accident or the injury resulting therefrom. Likewise, the fact that the defendant left the scene of the accident did not cause the injury. The injury occurred before the defendant committed the crime of leaving the scene of an accident with injury. Had the defendant remained at the scene, the victim would still have been injured. Because we have determined that it was error to include any points for victim injury, we need not consider the defendant's argument that the injury was improperly classified as severe.
Deletion of the forty points for victim injury reduces the defendant's total sentence points from 91.8 to 51.8 and eliminates the requirement that the sentence imposed must be a state prison sentence. Therefore, we reverse the sentence and remand for correction of the scoresheet calculation and for resentencing in accordance with this opinion.
Affirmed in part, reversed in part and remanded for resentencing.
DANAHY, A.C.J., and ALTENBERND, J., concur.