677 So.2d 1325 (1996)
William Chad ROUTENBERG, Appellant,
v.
STATE of Florida, Appellee.
No. 95-03048.
District Court of Appeal of Florida, Second District.
August 2, 1996.
*1326 Donald E. Horrox, Clearwater, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
FRANK, Judge.
William Chad Routenberg appeals from a life sentence imposed upon him after he violated probation for a sexual battery offense. Routenberg correctly contends that the trial court's departure from the recommended guideline range was improper.
We recognize that Routenberg engaged in some serious criminal behavior at a young age. As a 14-year old, he was charged with one count of sexual battery on an 11-year old girl. He eventually pleaded guilty, and the trial court found that juvenile sanctions were inappropriate. Routenberg was then sentenced to six years in the Department of Corrections followed by ten years probation. At the time of sentencing, the trial court noted that additional sexual battery and lewd and lascivious behavior charges were pending against him.
After being at the Arthur G. Dozier School for Boys, with little success toward achievement of rehabilitation, Routenberg was released in December of 1993 to the adult supervision phase of his sentence. Shortly thereafter, he was charged with violation of probation for lewd and lascivious conduct with another boy at Dozier. That conduct led to a conviction. In June of 1995 Routenberg admitted the violation of probation, and he was sentenced. At his sentencing, the judge told Routenberg that he scared her "to death" because she felt that he had a serious, untreatable sexual problem. Thus, in spite of her fear that the departure reasons might be inadequate, the trial judge sentenced Routenberg to life in prison, exceeding the scoresheet's permitted range of twelve to seventeen years. The trial judge's bases for departure were the character of the probation violation offense, the unscored juvenile offenses, the inability of Routenberg to be rehabilitated, his continuing threat to society, and the escalating nature of his offenses.
The trial judge correctly intuited that her reasons for departure were invalid. Routenberg is now the undeserving beneficiary of the manner in which the guidelines operate. Because none of the justifications existed at the time of the initial sentencing for the original offense, they are invalid. Williams v. State, 581 So.2d 144 (Fla.1991); § 948.06(1), Fla. Stat. (1995). Factors relating to violation of probation cannot be used as a ground for departure. Lambert v. State, 545 So.2d 838 (Fla.1989).
Accordingly, we reverse Routenberg's sentence and remand for resentencing within the guidelines.
RYDER, A.C.J., and BLUE, J., concur.