FRANK, Acting Chief Judge.
Michael J. Lohret has sought review of the partial summary denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 8.800(a). He alleges that the victim injury points appearing on his scoresheet should have been *883 eliminated entirely pursuant to Karchesky v. State, 591 So.2d 930 (Fla.1992), and not merely reduced from 765 for serious injury to 180 for contact. We agree and, therefore, reverse and remand for resentencing.
Lohret’s offense predated the effective date of section 921.001(8), Florida Statutes (Supp.1992). Under the statute then in effect, points for victim injury would have been permissible only if imposed for physical injury, as is stated in Karchesky. Thus, upon remand, the trial court must delete all victim injury points and resentenee Lohret accordingly. Terrell v. State, 668 So.2d 656, 657 (Fla. 2d DCA 1996).
The elimination of victim injury points changes the total from 587 to 407; the error cannot be presumed to be harmless. Spran-kle v. State, 662 So.2d 736, 737 (Fla. 2d DCA 1995). Lohret received a sentence of twenty-seven prison years to be followed by ten years of probation. The incarcerative portion of the sanction exceeds the permitted range when the scoresheet is corrected. Therefore, the trial court must resentence Lohret using a corrected scoresheet.
If Lohret seeks review of a subsequent order of the trial court, he must do so within thirty days of its rendition.
Reversed and remanded for further proceedings.
BLUE and QUINCE, JJ., concur.