697 So.2d 942 (1997)
George SCHLOESSER, Appellant,
v.
STATE of Florida, Appellee.
No. 95-02813.
District Court of Appeal of Florida, Second District.
July 30, 1997.
*943 James Marion Moorman, Public Defender, Bartow, and Megan Olson, Assistant Public Defender, Clearwater, for Appellant.
Robert A. Butterworth, Attorney General Tallahassee, and Susan D. Dunlevy, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
The defendant appeals his convictions and sentences for committing one count of a lewd act upon a child under the age of sixteen, two counts of committing a lewd act in the presence of a child under the age of sixteen, and two counts of handling and fondling a child under the age of sixteen. We affirm his convictions without discussion, but reverse his sentences because the trial court erred in calculating victim injury points on the sentencing guidelines score sheet for four of his convictions.
In Karchesky v. State, 591 So.2d 930 (Fla. 1992), the supreme court held that sentencing guidelines points could not be scored for victim injury in sexual abuse cases absent a showing that the victim suffered physical injury or trauma as a result of the sexual abuse. In 1992 the legislature abrogated the holding in Karchesky by enacting section 921.001(8), Florida Statutes (Supp.1992) (now codified at section 921.0011(7), Florida Statutes (1995)), which permits the addition of victim injury points in sexual abuse cases where penetration or sexual contact is an element of the offense, regardless of whether physical injury or trauma occurred. Section 921.001(8) became effective on April 8, 1992.
Count one of the information filed in this case alleged that the defendant committed capital sexual battery on the child between August 1, 1989, and July 1, 1991. After hearing the evidence, the jury found the defendant guilty of the lesser-included offense of committing a lewd act in the presence of a child under the age of sixteen. Neither the information nor the state's evidence proved that the offense was committed after April 8, 1992, or that physical injury or trauma resulted from the defendant's action. Accordingly, under the applicable law of Karchesky, the trial court erred in scoring points for victim injury on this count.
Counts two and three of the information alleged that those offenses occurred between July 1, 1991, and August 31, 1993. The handling and fondling offense charged in count four was alleged to have occurred between May 31, 1989, and August 31, 1993. At trial the victim testified that the defendant regularly sexually abused her over a period of years until she was thirteen or fourteen years old. She could not recall, however, how old she was when the acts *944 began. Thus, the state failed to prove that any of the acts charged in these counts occurred after April 8, 1992. As such, the rule of lenity requires that the harsher terms of section 921.001(8) not be applied when calculating the defendant's sentencing guidelines scoresheet. See, e.g., Lewis v. State, 574 So.2d 245 (Fla. 2d DCA 1991) (applying rules of lenity and strict construction to resolve ambiguity in sentencing guidelines in favor of defendant); Gilbert v. State, 680 So.2d 1132 (Fla. 3d DCA 1996) (holding rule of lenity required applying guidelines that resulted in lesser sentence where neither information nor evidence established that crimes were committed after effective date of statute providing lesser sentencing range). Accordingly, in arriving at the defendant's sentencing range, the trial court erred in calculating victim injury points for counts two through four. This error is not harmless because when these points are subtracted the defendant's permitted sentencing range drops three cells.
Therefore, we reverse the defendant's sentences and remand for resentencing pursuant to a corrected score sheet. Because of this disposition, the defendant's remaining issue on appeal is moot.
Convictions affirmed, sentences reversed, and cause remanded for resentencing consistent with this opinion.
FRANK, A.C.J., BLUE, J., and RYDER, HERBOTH S., Senior Judge, concur.