PER CURIAM.
In this direct appeal, Edward E. Nobles challenges a judgment and departure sentence entered after revocation of his probation. Because the reasons advanced by the trial court for the departure sentence are not permissible reasons for departure, we reverse.
In 1994, appellant pled guilty to sale and possession of cocaine and was sentenced to three years’ probation. In October 1997, an amended affidavit of violation of probation was filed alleging that appellant had violated his probation by driving under the influence of alcohol and cocaine and driving with a suspended license. These charges arose out of a single vehicle accident in September 1995 as to which a jury found appellant not guilty of DUI manslaughter and felony driving with a suspended license but guilty of driving while his license was suspended.
At the violation of probation hearing, appellant denied the charges in the affidavit, but admitted driving while his license was suspended in violation of probation. The trial court found that appellant had violated his probation and, in a departure from the guidelines, sentenced appellant to five years imprisonment. The trial court stated the reasons for the departure, as follows:
The Court further finds that the sentencing scoresheet in this case is inappropriate and that because of your past criminal conduct, the danger that it poses to the community, the probability that you will continue your criminal conduct if released back on probation. The Court finds that the departure sentence in this case is appropriate.
On the guidelines scoresheet, the trial court wrote:
Pattern of criminal conduct Danger to com - the Probability of danger to community
Appellant moved for rehearing and to correct the sentence arguing that the departure sentence was contrary to law. The motions were denied.
Section 921.0016(2), Florida Statutes (1997), gives the appellant the right to appeal this sentence outside of the sentencing guidelines. The asserted sentencing error was preserved. Compare Watson v. State, 710 So.2d 654 (Fla. 1st DCA 1998).
We reverse the departure sentence imposed after appellant violated his probation. None of the written reasons advanced by the trial court for the departure sentence are permissible. See Scott v. State, 508 So.2d 335 (Fla.1987); Hendrix v. State, 475 So.2d 1218 (Fla.1985). Further, although the record is susceptible to the construction that the trial court was also trying to depart based upon the conduct constituting the violation of probation, factors relating to the probation violation cannot be used as grounds for a departure sentence. See Lambert v. State, 545 So.2d 838, 842 (Fla.1989). Finally, none of the justifications for a departure sentence advanced by the trial court existed at the time of the initial sentencing for the drug offenses and, therefore, are invalid reasons for departure. See Routenberg v. State, 677 So.2d 1325, 1326 (Fla. 2d DCA 1996).
Accordingly, the sentence must be REVERSED and REMANDED for the trial court to impose a sentence within the guidelines. Wyche v. State, 576 So.2d 884 (Fla. 1st DCA 1991).
KAHN, BENTON and VAN NORTWICK, JJ., CONCUR.