PER CURIAM.
Jeffrey Rowan appeals an order revoking his probation and imposing a sentence of fifteen years’ imprisonment for a sexual battery with a deadly weapon that occurred in 1988. His counsel filed an An-ders [1] brief. Mr. Rowan filed his own brief arguing, in part, that the trial court failed to give him proper credit for time served and gain time. We affirm the order revoking his probation but reverse the sentence for a proper determination of jail credit.
At the sentencing hearing, the trial court orally announced that Mr. Rowan was entitled to all jail .and prison credit appropriate for this sentence. The written sentence, however, reflects only jail credit of 774 days and no prison credit. This appears to be a scrivener’s error that combines jail and prison credit. Because Mr. Rowan’s original offense occurred in 1988, a time when neither the Department of Corrections nor the court could forfeit gain time, it appears that Mr. Rowan is entitled to significant prison credit in addition to any jail credit. See Dowdy v. Singletary, 704 So.2d 1052, 1054 (Fla.1998).
Accordingly, we remand for a new determination of jail credit. The trial court need not calculate prison credit so long as the trial court checks the standard box allowing all appropriate prior prison credit.
Affirmed in part, reversed in part, and remanded.
ALTENBERND, A.C.J., and WHATLEY, J., and DANAHY, PAUL W., (Senior) Judge, Concur.

. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).