791 So.2d 40 (2001)
Jeffrey ROWAN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-1821.
District Court of Appeal of Florida, Second District.
June 1, 2001.
Rehearing Denied August 3, 2001.
*41 PER CURIAM.
Jeffrey Rowan appeals the trial court's order denying his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800. Rowan's motion challenged his fifteen-year sentence imposed after a violation of probation. Because there is a potentially fundamental error apparent on the face of the record, we reverse and remand for further proceedings.
The limited record before this court reflects that on March 5, 1990, Rowan pleaded no contest to one count of sexual battery with a deadly weapon, which offense occurred on October 22, 1988. Rowan's sentencing scoresheet totaled 333 points, forty of which were assessed for "penetration or slight injury." This point total placed him in a sentencing guidelines cell giving a permitted sentencing range of nine to twelve years. Pursuant to Rowan's negotiated plea agreement with the State, the trial court sentenced him to two years' community control followed by ten years' probation.
In October 1990 the Department of Corrections filed an affidavit of violation of community control alleging that Rowan had failed to remain confined to his approved residence. On January 7, 1991, the trial court found that Rowan had violated his community control. The trial court then modified Rowan's community control *42 pursuant to section 948.03, Florida Statutes (1991), to require two months' county jail as a condition of his community control.
Sometime in 1995 Rowan was charged with violating his probation. The trial court revoked his probation and sentenced him to seven years' prison followed by seven years' probation. On appeal this court reversed, holding that the evidence was insufficient to support a finding of a willful violation of probation. Rowan v. State, 696 So.2d 842 (Fla. 2d DCA 1997). Therefore, Rowan's original probation was reinstated.
In August 1998 the Department of Corrections filed another affidavit of violation of probation. This affidavit alleged that Rowan had failed to report as required for the last three months and had changed his residence without permission. An amended affidavit was filed in November 1998 adding an allegation that Rowan had committed new offenses. On February 9, 1999, the trial court revoked Rowan's probation and sentenced him to fifteen years' prison with credit for jail time already served. When imposing the fifteen-year sentence, the trial court bumped Rowan's permitted sentencing range one cell pursuant to Florida Rule of Criminal Procedure 3.701(d)(14) for the violation of probation in 1999. This new cell gave a permitted sentencing range of twelve to seventeen years. Thus, the sentence imposed by the trial court was in the middle of the permitted range. On direct appeal, this court affirmed the revocation of probation but remanded to the trial court to give Rowan credit for the prison time he had served on the earlier 1995 revocation of probation. Rowan v. State, 779 So.2d 417 (Fla. 2d DCA 2000).
In this rule 3.800 motion, Rowan argues for the first time that the assessment of forty points for victim injury on his original scoresheet was error because victim injury points were not properly assessed for penetration at the time of his sentencing. He then argues that if those forty points are deducted, his total score would be 293 points, placing him in a cell giving a permitted sentencing range of seven to nine years. With the one-cell bump for the 1999 violation of probation, his permitted sentencing range would be nine to twelve years. Therefore, he contends that his fifteen-year sentence constitutes an upward departure sentence for which no written reasons were given.
In its response, the State contends that there is no error. The State appears to concede that the victim injury points may not be proper. However, the State contends that the trial court could bump Rowan's permitted sentencing range two cells-one for the 1991 violation of community control and one for the 1999 violation of probationthus placing him in the cell with a permitted sentencing range of twelve to seventeen years. Therefore, the State contends that any error in the assessment of victim injury points was harmless.
In denying Rowan's motion, the trial court held that Rowan could not raise the assessment of victim injury points issue in a rule 3.800 motion because it was a fact-specific issue that had to be addressed on direct appeal. Further, the trial court noted that any error in assessing victim injury points was not apparent from the face of the record and therefore could not be addressed in a rule 3.800 motion. The trial court then found that Rowan was properly bumped one cell for the violation of probation and was properly sentenced. Rowan then filed this timely appeal.
Resolution of this case implicates a procedural anomaly created by this court in response to the supreme court's opinion in Karchesky v. State, 591 So.2d 930 (Fla. *43 1992). In Karchesky, the supreme court held that under the sentencing guidelines in effect during 1988, victim injury points could not be assessed simply for penetration. Id. at 932. Rather, victim injury points could be assessed only when there was evidence of actual physical injury or trauma. Id. However, the sentencing guidelines scoresheet in use at the time for sex offenders indicated that forty victim injury points should be assessed if there was evidence establishing penetration. Thus, under Karchesky, the sentencing guidelines scoresheet allowing for victim injury points for penetration without actual physical injury contained a fundamental error. Id. at 933; Morris v. State, 605 So.2d 511, 513 (Fla. 2d DCA 1992).
As a result of the Karchesky opinion, defendants began filing rule 3.800 motions seeking to have the victim injury points removed from their scoresheets on the grounds that their sentences had been improperly enhanced by points for penetration without actual physical injury. See, e.g., Morris, 605 So.2d at 512. The problem in those cases was that often the State had not offered any evidence of actual physical injury because no such evidence appeared to be required at the time the sentences were imposed. In order to avoid penalizing the State for not foreseeing the Karchesky holding, this court created the following procedure:
[T]he question next arises how the trial courts should proceed after remand. Each of the appellants appears to believe he is entitled simply to have the "injury" points deleted and his sentence thereby reduced. We stop short of such a requirement. Nothing in the Karchesky decision suggests that a sex offender, like any other convicted felon, should not be penalized for inflicting physical injury. Accordingly, we believe the trial courts may conduct a de novo sentencing hearing at which time the extent of the actual injury may be debated by the parties.
Morris, 605 So.2d at 514 (footnote omitted). Thus, this court created a very narrow exception to the general rule that evidentiary hearings are not permitted in addressing motions filed pursuant to rule 3.800.
Not long after the Morris decision, this court noted that not all Karchesky motions required an actual evidentiary hearing. In Harrelson v. State, 616 So.2d 128, 129 (Fla. 2d DCA 1993), this court reversed the denial of Harrelson's Karchesky motion, stating:
After remand the trial court may again deny the motion if, after review of the files and records or an evidentiary hearing, it is established that actual injury occurred in this case. If, on the other hand, no actual injury can be proved, the scoresheet must be corrected and Harrelson resentenced.
(Emphasis added) (citation omitted). Therefore, if the record in the trial court supports the imposition of victim injury points for actual physical injury, the rule 3.800 motion may be denied without an evidentiary hearing provided that the relevant portions of the trial record are attached showing that victim injury points were proper.
In this case, there is nothing in the record before this court to support the imposition of victim injury points. Therefore, we reverse and remand to the trial court for further proceedings. On remand, the trial court should review the trial court record, including the charging documents, information, and plea colloquy, to determine whether there is any factual basis in the record for scoring victim injury points. If so, the trial court may again deny relief and attach those portions of the record showing the support for victim injury *44 points. If not, the trial court should conduct a limited evidentiary hearing to determine whether there was any actual physical injury to the victim. If, after an evidentiary hearing, the State cannot prove actual physical injury to the victim, Rowan must be resentenced under a corrected scoresheet.
Because this case is being remanded for further proceedings, we address the State's argument that Rowan's sentence is proper regardless of the victim injury points because the trial court could have bumped Rowan's permitted sentencing range by two cellsone for his 1991 violation of community control and one for his 1999 violation of probation. Rowan argues that a one-cell bump for his 1991 violation is improper because his community control was not revoked. He points out that rule 3.701(d)(14) allows for a one-cell bump only "after revocation of probation or community control." He contends that because his community control was not revoked but was only modified, the trial court may not impose a one-cell bump for that violation.
Rowan's argument, while facially appealing, ignores the supreme court's decision in Williams v. State, 594 So.2d 273 (Fla. 1992). In that case, the supreme court held that a defendant's permitted sentencing range may be bumped one cell for each violation of probation when there have been multiple violations. Id. at 275. In defining the phrase "multiple probation violations," the court held that it referred to "successive violations which follow the reinstatement or modification of probation rather than the violation of several conditions of a single probation order." Id. at 274 n. 3. See also Gilmore v. State, 724 So.2d 647 (Fla. 2d DCA 1999) (adopting and applying this definition of multiple probation violations). Further, the supreme court clearly contemplated that one-cell bumps would be appropriate following modifications of probation because the court noted that to hold otherwise might "discourage judges from giving probationers a second or even a third chance [at probation]." Williams, 594 So.2d at 275. See also Marrs v. State, 770 So.2d 277, 278 (Fla. 4th DCA 2000) (allowing a one-cell bump for each of three violations of probation, two of which were actually modifications and recommitments to probation). Under the reasoning of Williams, Rowan's 1991 violation of community control may be used to bump his permitted sentencing range one cell.
Reversed and remanded for further proceedings.
PARKER, A.C.J., and WHATLEY and NORTHCUTT, JJ., Concur.