796 So.2d 608 (2001)
Gary S. SOMMERS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-2791.
District Court of Appeal of Florida, Second District.
September 21, 2001.
*609 PER CURIAM.
Gary Sommers seeks review of the trial court's order summarily denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Because two of Sommers' arguments are not refuted by the record, we reverse. We affirm the trial court's denial of relief on Sommers' other claims without discussion.
On September 28, 1995, Sommers pleaded guilty to two counts of lewd sexual battery (counts I and II) and one count of lewd fondling (count III). The guidelines scoresheet reflected a recommended sentence of between twelve and seventeen years, but the court entered a downward departure sentence of five years' probation pursuant to the plea agreement. The scoresheet included forty points for victim injury for penetration on both sexual battery counts. On February 17, 1998, Sommers admitted to a violation of probation, and the court sentenced him to seventeen years suspended and probation reinstated. On December 1, 1998, the court again found Sommers to be in violation of probation and sentenced him to nine years on count I, five years concurrent on count III, and eight years consecutive on count II. This court affirmed Sommers' convictions on appeal. See Sommers v. State, 755 So.2d 124 (Fla. 2d DCA 2000) (table). Sommers subsequently filed a rule 3.850 motion, which the trial court summarily denied.
Sommers first argues that his sentences are illegal because they were entered pursuant to a scoresheet which incorrectly assessed eighty victim injury points when there was no evidence of victim injury. In Karchesky v. State, 591 So.2d 930 (Fla.1992), the supreme court held that under the 1988 sentencing guidelines victim injury points could not be scored in sexual battery offenses based on penetration alone. However, Karchesky is not applicable to those crimes that occurred after the enactment of chapter 92-135, sections 1, 4, Laws of Florida, which created legislation that allowed for the assessment of victim injury points based on penetration alone. See § 921.001(8), Fla. Stat. (Supp.1992). Chapter 92-135 became effective on May 12, 1992. Ch. 92-135, §§ 1, 2, Laws of Fla.; Art. III, § 9, Fla. Const. Thus, if Sommers committed the sexual batteries before May 12, 1992,[1] victim injury points should not have been scored absent other evidence of physical *610 injury or trauma. Because the trial judge might have imposed a different sentence based upon a properly calculated scoresheet, the error is not subject to harmless error analysis. Scott v. State, 638 So.2d 616, 617 (Fla. 4th DCA 1994). See also Rowan v. State, 791 So.2d 40, 41-44 (Fla. 2d DCA 2001) (reversing and remanding for a determination of the propriety of victim injury points even though the sentence would have been proper regardless of victim injury points because of possible cell bumps).
Accordingly, we reverse and remand for reconsideration of the motion. On remand, the court should review the trial record for evidence of physical injury or trauma other than penetration which would support the allocation of victim injury points. Id. at 41-44. If the record is devoid of such evidence, the court shall hold an evidentiary hearing on the issue. Id.
Sommers also argues that counsel was ineffective at his revocation hearings for failing to object to the scoresheet errors. Sommers' claim of ineffective assistance of counsel for failure to object to scoresheet errors is cognizable in a rule 3.850 motion. Richie v. State, 777 So.2d 977, 977 (Fla. 2d DCA 1999). As we have already determined, the record does not refute Sommers' contention that he was sentenced based upon an erroneous scoresheet. Accordingly, this issue requires reversal as well.
Affirmed in part, reversed in part, and remanded.
PARKER, A.C.J., and ALTENBERND and SALCINES, JJ., Concur.
NOTES
[1] The information states that the crimes took place between April 1, 1992, and December 31, 1992. However, the guidelines scoresheets for the December 1, 1998, and February 17, 1998, violations contain an offense date of April 1, 1992. Thus, the trial court will have to determine the date of the offenses on remand. If the record reflects that the parties have stipulated to April 1, 1992, as the date of the offense, the court is bound by that stipulation. Burnsed v. State, 743 So.2d 139, 139-40 (Fla. 2d DCA 1999) (requiring court to honor stipulation as to offense date for purposes of determining whether the defendant could be classified as a sexual predator).