802 So.2d 361 (2001)
William C. ROUTENBURG, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-2567.
District Court of Appeal of Florida, Second District.
October 26, 2001.
SALCINES, Judge.
William C. Routenberg timely appeals the summary denial of his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850 and his motion to correct illegal sentence filed pursuant to rule 3.800(a). We affirm without comment the denial of his 3.850 motion and reverse the denial of his 3.800(a) motion.
Routenberg pleaded guilty to capital sexual battery in 1990 and received a six-year prison sentence followed by ten years of probation. He later violated probation.[1] After sentencing on that violation, he filed a 3.800(a) motion in which he claimed that he was assessed forty victim injury points in violation of Karchesky v. State, 591 So.2d 930 (Fla.1992) (holding that victim injury points could not be assessed for penetration without ascertainable physical injury).
The trial court conceded that Karchesky applies to Routenberg and that nothing in the record evidenced any physical injury to the victim, but the trial court denied the claim, citing Fitzhugh v. State, 698 So.2d 571, 573 (Fla. 1st DCA 1997), which held that "an appeal from resentencing following violation of probation is not the proper time to assert an error in the original scoresheet." This court has declined to follow Fitzhugh. See Spell v. State, 731 So.2d 9, 10 (Fla. 2d DCA 1999); Bogan v. State, 725 So.2d 1216, 1217 (Fla. 2d DCA 1999). In Rowan v. State, 791 So.2d 40 (Fla. 2d DCA 2001), this court held that a Karchesky issue can be raised for the first time in a 3.800(a) motion, even after violations of probation. Thus, Routenberg is entitled to raise the issue now.
*362 Since the trial court has already acknowledged that the record cannot refute Routenberg's claims, this case must be reversed for an evidentiary hearing to determine if the victim sustained any physical injury.[2]See Rowan, 791 So.2d at 43-44. If the State cannot prove actual physical injury to the victim, Routenberg must be resentenced under a corrected score-sheet. Id. at 44.
Affirmed in part, reversed in part, and remanded.
BLUE, C.J., and DAVIS, J., Concur.
NOTES
[1] Routenberg's sentence on the violation of probation was twice overturned on appeal. Routenberg v. State, 677 So.2d 1325 (Fla. 2d DCA 1996); Routenberg v. State, 721 So.2d 1187 (Fla. 2d DCA 1998).
[2] Resolution of the Karchesky issue allows a very narrow exception to the general rule that evidentiary hearings are not permitted in addressing motions filed pursuant to rule 3.800. See Rowan v. State, 791 So.2d 40, 43 (Fla. 2d DCA 2001) (citing Morris v. State, 605 So.2d 511, 514 (Fla. 2d DCA 1992)). Because the original sentence in the instant case was imposed before Karchesky was decided, we do not reach the issue of whether the Rowan exception applies when the original sentence was imposed after the Karchesky decision.