THREADGILL, EDWARD F., Senior Judge.
Phillip Kiser appeals from his sentence imposed upon revocation of community control for attempted sexual battery. We reverse and remand to the trial court because Kiser’s scoresheet improperly included victim injury points.
Based on an offense occurring in 1985, Kiser entered a no contest plea to attempted sexual battery and was sentenced in 1987 to ten years in prison to be followed by ten years of probation. Kiser was later placed on community control; however, on May 24, 2000, the trial court revoked his community control and sentenced him to twenty-seven years in prison. Kiser appealed and filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). The trial court granted the motion in part and imposed a new sentence of twenty-two years’ imprisonment. Kiser appealed and later filed a second motion pursuant to rule 3.800(b)(2). In this motion, counsel argued for the first time that victim injury points were improperly scored under Karchesky v. State, 591 So.2d 930 (Fla.1992) (holding that victim injury points could not be assessed for penetration without an actual physical injury).[1] The trial court denied the motion.
This court recognized in Routenburg v. State, 802 So.2d 361 (Fla. 2d DCA 2001), that a Karchesky issue can be raised even after a defendant pleads guilty and violates probation. Similar to Routenburg, Kiser challenged the forty victim injury points on his scoresheet for penetration or slight injury after his community control was revoked and he was resentenced. At Kiser’s plea hearing, the prosecutor asserted that the factual basis was digital penetration, but the prosecutor did not state that physical injury occurred. Because the State did not establish physical injury to the victim, the trial court erred in denying Kiser’s second motion to correct sentence. Therefore, we reverse the trial court’s order and remand to the trial court for further proceedings. On remand, the State must establish physical injury at an evidentiary hearing to support the forty points for victim injury. See Routenburg, 802 So.2d 361. If the State does not establish physical injury, then Kiser must be resentenced without the victim injury points on his scoresheet. Id.
Reversed and remanded.
DAVIS and SILBERMAN, JJ., concur.

. The legislature abrogated the Karchesky holding for crimes committed on or after April 8, 1992. See Schloesser v. State, 697 So.2d 942 (Fla. 2d DCA 1997).