826 So.2d 412 (2002)
Steven Leon DICKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-1509.
District Court of Appeal of Florida, Second District.
July 26, 2002.
WHATLEY, Judge.
Steven Leon Dickson timely appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). In the motion, Dickson raised two claims regarding his sentences. We affirm without comment the trial court's ruling on the first claim, but we reverse and remand on the second claim in which Dickson alleged that the trial court improperly scored victim injury points for sexual contact when no physical injury or trauma occurred. The trial court denied this claim, stating that Dickson was unable to establish prejudice. The trial court is incorrect.
Prior to the effective date of section 921.001(8), Florida Statutes (Supp.1992), victim injury points could not be scored for penetration or contact in sexual crimes *413 unless ascertainable physical injury occurred. See Karchesky v. State, 591 So.2d 930 (Fla.1992); Lohret v. State, 687 So.2d 882 (Fla. 2d DCA 1997). Removing these victim injury points decreases four of Dickson's recommended sentences by two cells. This error cannot be considered harmless. See Schloesser v. State, 697 So.2d 942 (Fla. 2d DCA 1997).
The trial court made a point to note that Dickson made no contemporaneous objection to the victim injury points and did not raise the issue on appeal. However, this issue may be raised for the first time in a rule 3.800(a) motion. See Rowan v. State, 791 So.2d 40 (Fla. 2d DCA 2001).
We reverse and remand for further proceedings. On remand, the trial court should follow the procedures set out in Rowan, 791 So.2d at 43-44. The trial court should review the record to determine whether it contains any factual basis for scoring victim injury points. If the record does contain proof of injury, the trial court may again deny relief and attach those portions of the record showing the support for victim injury points. If the record does not contain proof of injury, the trial court should conduct a limited evidentiary hearing to determine whether the victims suffered any actual physical injury. If, after an evidentiary hearing,[1] the State cannot prove actual physical injury to the victims, Dickson must be resentenced under a corrected scoresheet.
Affirmed in part, reversed in part, and remanded.
DAVIS and COVINGTON, JJ., Concur.
NOTES
[1] This is a "very narrow exception to the general rule that evidentiary hearings are not permitted in addressing motions filed pursuant to rule 3.800." Rowan v. State, 791 So.2d 40, 43 (Fla. 2d DCA 2001).