PER CURIAM.
Appellant challenges the trial court’s summary denial of his motion to correct illegal sentence, filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Of Appellant’s various claims, only one merits discussion, and as to that issue, we reverse and remand with instructions.
Appellant claims that victim injury points were incorrectly assessed to his scoresheet, in violation of Karchesky v. State, 591 So.2d 930 (Fla.1992). In Karchesky, the Florida Supreme Court held that victim injury points could not be added to a defendant’s scoresheet for victim injury in sexual abuse cases without a showing that the victim suffered physical injury or trauma as a result of the sexual abuse. The Florida Legislature subsequently abrogated the Karchesky holding for these types of crimes that occurred after April 8, 1992, by enacting section 921.001(8), Florida Statutes (Supp. 1992)(now codified at section 921.0011(7), Florida Statutes (2001)), which requires the addition of victim injury points in sexual abuse cases where penetration is an element, regardless of evidence of physical injury. See Schloesser v. State, 697 So.2d 942, 943 (Fla. 2d DCA 1997). However, because Appellant states that his offense occurred on January 19, 1989, the holding in Karchesky does apply to Appellant. See Schloesser, 697 So.2d at 943-944.
Although Appellant has raised this exact claim before, the trial court’s ruling on that earlier motion was procedural in nature, and Appellant did not appeal that decision. Therefore, the law of the case doctrine does not bar the present claim. See McBride v. State, 810 So.2d 1019, 1022 (Fla. 5th DCA 2002).
Karchesky claims may be raised via rule 3.800(a). See, e.g., McClendon v. State, 679 So.2d 1255, 1255 (Fla. 1st DCA 1996); Horne v. Singletary, 652 So.2d 975, 975 (Fla. 1st DCA 1995); Harper v. State, 632 So.2d 104, 104 (Fla. 1st DCA 1994); Spring v. State, 647 So.2d 974 (Fla. 1st DCA 1994). The Karchesky issue pivots on whether there is any evidence in the record showing that the victim of the sexual abuse suffered any physical injury. Thus, the summary denial of a Karchesky claim should be reversed when the record does not show evidence of physical injury. See, e.g., Routenberg v. State, 802 So.2d 361, 362 (Fla. 2d DCA 2001).
Appellant affirmatively alleges that the record does not contain evidence of physical injury other than penetration. Appellant also alleges that without the score-sheet error, his life sentence would have been impermissible. We conclude that Appellant has stated a facially sufficient claim, and therefore, the trial court should have ruled on the merits of his claim. See Baker v. State, 714 So.2d 1167 (Fla. 1st DCA 1998); Hummel v. State, 782 So.2d 450 (Fla. 1st DCA 2001).
Therefore, although we affirm the summary denial of Appellant’s remaining issues, we reverse the trial court’s summary denial of his Karchesky claim, and remand with instructions to the trial court to determine whether Appellant’s life sentence would still have been permissible without the addition of the victim injury points. If so, then Appellant is entitled to no relief. See Hummel, 782 So.2d at 451. If, however, Appellant’s life sentence constitutes an upward departure absent the victim injury points, then the trial court must either attach record excerpts which conclusively refute Appellant’s claim, or resentence Appellant pursuant to a corrected scoresheet. See, e.g., McClendon v. State, 679 So.2d *358 1255, 1255 (Fla. 1st DCA 1996); Harper v. State, 632 So.2d 104, 104 (Fla. 1st DCA 1994).
REVERSED AND REMANDED.
BOOTH, BENTON and VAN NORTWICK, JJ., concur.