872 So.2d 308 (2004)
Ronald Lee MATTON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-906.
District Court of Appeal of Florida, Second District.
April 14, 2004.
*309 Corinda Luchetta, St. Petersburg, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Timothy A. Freeland, Assistant Attorney General, Tampa, for Appellee.
VILLANTI, Judge.
Ronald Lee Matton challenges the denial of his motion for postconviction relief after an evidentiary hearing. In his motion, Matton contended that he should be allowed to withdraw his admission to a violation of probation because his counsel was ineffective for failing to advise him that he was entitled to credit for his previously accrued gain time and thus he agreed to a specific sentence without full knowledge of his rights. Matton also contended that his counsel was ineffective for failing to challenge victim injury points that were included on his sentencing guidelines scoresheet. Because the State did not refute Matton's testimony on either issue at the evidentiary hearing, we reverse and remand to allow Matton the opportunity to withdraw his plea.
In October 1989, Matton pleaded guilty to one count of sexual battery and one count of kidnaping for offenses which occurred on November 17, 1988. He was sentenced to twenty years' incarceration on the sexual battery count followed by ten years' probation on both the sexual battery count and the kidnaping count. The sentencing guidelines scoresheet prepared by the State for the original sentencing hearing included forty points for victim injury *310 based on penetration during the sexual battery.
Matton was incarcerated for approximately nine years and was released to serve his probationary sentence in late 1997. In July 1998, he was charged with a violation of probation for changing his residence without permission. When the affidavit was filed, the trial court appointed counsel to represent Matton. Matton discussed the alleged probation violation and his sentencing guidelines scoresheet with counsel. Subsequently, Matton entered into a negotiated plea agreement with the State. As part of the negotiated plea, Matton admitted that he violated his terms of probation, and he agreed to a sentence of nineteen years in prison with nine years' credit for the time he had actually served on the sexual battery charge. The sentencing guidelines scoresheet used at the revocation hearing included the same forty points for victim injury, and Matton's counsel did not challenge the inclusion of these victim injury points. At the revocation hearing, Matton admitted during his plea colloquy that no promises had been made by either the court or counsel as to how much gain time credit he would receive once he returned to prison.
Following his sentencing on the violation of probation, Matton filed a series of inmate requests and grievances with the Department of Corrections (DOC) in an attempt to determine how much gain time he had accrued during his prior incarceration. According to the DOC's calculations, Matton had earned 4289 days' gain time credit during his prior incarceration in addition to the 3189 days' credit for time actually served. Although the DOC recognized that Matton had previously earned both gain time and incentive credit for which he was not being credited, the DOC took the position it could not award this earned credit unless the sentencing court directed it to do so in an amended sentencing order.
Matton then filed his rule 3.850 motion in the trial court, raising several claims of ineffective assistance of counsel. In that motion, Matton alleged that his counsel in the revocation proceedings was ineffective for failing to advise him that he was legally entitled to credit for his previously accrued gain time and that by agreeing to nine years' credit for actual time served, he was waiving his right to credit to which he was otherwise entitled. Matton also alleged that counsel was ineffective for failing to challenge the victim injury points that were included on the sentencing scoresheet during the revocation proceedings. The trial court ordered an evidentiary hearing on both grounds.
At the evidentiary hearing, Matton's counsel testified that she believed that credit for gain time and credit for actual time served were two separate things, and she did not intend to preclude Matton's receiving his previously accrued gain time credit if he was entitled to it. She testified that the nine years' credit included in the plea agreement resulted from either an agreement that Matton had actually served nine years or was "a specific sentence that everyone agreed to as part of a negotiated plea." However, she could not recall what the agreement actually was, and she could not state with any certainty whether the nine years' credit was intended to be all the credit Matton would receive. She also testified it was not her policy to make promises regarding gain time because gain time calculations were the sole province of the DOC and that she had not discussed gain time at all with Matton. As to the victim injury points, counsel testified that she did not challenge those points because they had been on the original sentencing guidelines scoresheet and she did not believe that she could *311 challenge them during the revocation proceedings.
Matton testified that counsel had not made any specific promises regarding the amount of gain time he would receive and had not had any discussions with him about the gain time he was entitled to receive. According to Matton, counsel told him that it was entirely up to the DOC to determine what gain time he would receive.
The trial court subsequently denied Matton's motion for postconviction relief. In its order, the court found that Matton had entered into a negotiated plea with a specific agreement as to the amount of credit to which he was entitled and that he had therefore waived his right to any additional credit to which he might otherwise be entitled. Based on that finding, the trial court held that counsel was not ineffective because Matton "made the decision to accept the negotiated sentence with full knowledge that there were no promises made by either the Court or counsel regarding gain time." In addition, the trial court found that counsel was not ineffective for failing to challenge the victim injury points because she "had no reason to question victim injury points that had been previously assessed at the original sentencing." Matton appeals both of these rulings.
Matton first contends that the trial court erred in finding that he had waived his right to his previously accrued statutory gain time. We agree. Under the law as it existed when Matton committed his offenses, neither the trial court nor the DOC could refuse to award previously accrued gain time to a defendant sentenced on a revocation of probation after having served the incarcerative portion of a true split sentence. See Eldridge v. Moore, 760 So.2d 888, 891 (Fla.2000) (noting that for offenses committed after October 1, 1989, both the trial court and the DOC have the statutory authority to forfeit a prisoner's accrued gain time, but that neither had such authority before that date and therefore such gain time may not be forfeited for offenses committed before October 1, 1989); Dowdy v. Singletary, 704 So.2d 1052, 1054 (Fla.1998) (same); State v. Green, 547 So.2d 925, 926 (Fla. 1989). However, defendants can waive both constitutional and statutory rights as part of a plea agreement. See, e.g., Lebron v. State, 799 So.2d 997, 1019 (Fla. 2001) (holding that a defendant can waive ex post facto protections as part of a plea agreement); Larson v. State, 572 So.2d 1368 (Fla.1991) (holding that a defendant may waive constitutional rights as part of a voluntary plea agreement); Harris v. State, 438 So.2d 787 (Fla.1983) (holding that a defendant may waive his statutory right to have the jury instructed on necessarily lesser included offenses). Thus, in this case, Matton was legally entitled to an award of his previously accrued gain time credit unless he specifically waived his right to that credit as part of the plea agreement. Therefore, the only question before the trial court in this case was whether Matton had, in fact, validly waived his statutory right to credit for his previously accrued gain time when he accepted the negotiated plea agreement with the State.
At the evidentiary hearing, Matton testified that he understood when he entered his plea agreement that he was stipulating to credit for the amount of time actually served. He testified that he did not know that he had a right to credit for his previously accrued gain time; therefore, he could not have knowingly and voluntarily waived his right to that credit. Matton's attorney testified that she had no discussions with Matton concerning gain time and that she would not have advised him *312 about any award of previously accrued gain time. The State presented no evidence on this issue at the hearing. Thus, the unrefuted testimony at the evidentiary hearing was that Matton did not know he was entitled to this credit, that no one told him he was entitled to this credit, and that he did not learn of his entitlement and purported waiver until he actually entered DOC custody.
Under these circumstances, the trial court had no evidence whatsoever upon which to base a finding that Matton knowingly and voluntarily waived his right to his previously accrued gain time. Clearly, Matton could not knowingly and voluntarily waive a right about which he had no knowledge. The fact that neither the court nor counsel made any promises to Matton concerning what gain time he would receive does not refute his testimony that he was unaware of his entitlement to his previously accrued gain time. While the State argued at the evidentiary hearing that it intentionally structured the plea offer so that Matton would serve ten years in prison, the State presented no evidence of this intent nor did it present any evidence that this intent was communicated to either Matton or his counsel. Thus, the trial court's finding that Matton knowingly and voluntarily waived his right to his accrued gain time is not based on competent, substantial evidence. Therefore, we reverse the denial of Matton's motion on this basis and remand for Matton to be given the opportunity to withdraw his admission to the violation of probation.
Matton also contends on appeal that the trial court erred when it denied him relief on his claim concerning the victim injury points that were included on his scoresheet. Matton alleged in his motion that the forty points for victim injury that were included on his sentencing scoresheet, both at the original sentencing and at the sentencing on his revocation of probation, were improper under Karchesky v. State, 591 So.2d 930 (Fla.1992), which held that for offenses occurring before May 12, 1992, victim injury points could not be assessed for penetration without ascertainable victim injury. Matton contends that because the State never presented any evidence of actual physical victim injury his counsel was ineffective for failing to challenge these points when he was sentenced at the revocation proceedings and that he is entitled to be resentenced using a corrected scoresheet. We agree.
At the evidentiary hearing on Matton's motion, his counsel testified that she did not challenge the inclusion of the victim injury points at the revocation hearing because the points had been included on the original scoresheet and she believed that it was too late to challenge them. However, this court has held that a defendant may challenge the inclusion of victim injury points at a revocation proceeding even when those points were not challenged at the original sentencing or on direct appeal. See Routenberg v. State, 802 So.2d 361, 361 (Fla. 2d DCA 2001); Sommers v. State, 796 So.2d 608, 610 (Fla. 2d DCA 2001); Spell v. State, 731 So.2d 9 (Fla. 2d DCA 1999). The failure to object to scoresheet errors constitutes ineffective assistance of counsel if counsel failed to object to errors of which counsel knew or should have known. Sommers, 796 So.2d at 610; Richie v. State, 777 So.2d 977, 977 (Fla. 2d DCA 1999). Because Matton's trial counsel failed to object to the possibly improper victim injury points, counsel's performance was deficient, and the trial court's finding to the contrary is not supported by any evidence in the record.
To be entitled to postconviction relief, however, Matton must show both that trial counsel's performance was deficient and that he was prejudiced by that deficiency. *313 See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Here, the trial court did not address the issue of prejudice because it did not find that trial counsel's performance was deficient. Accordingly, on remand, the trial court must first review the trial record for evidence of physical injury or trauma other than penetration which would support the assessment of victim injury points. Rowan v. State, 791 So.2d 40, 41-44 (Fla. 2d DCA 2001). If the record is devoid of such evidence, the trial court must hold an evidentiary hearing on the issue, at which the State has the burden to prove actual injury to the victim. Id.
We conclude that Matton's counsel was ineffective for failing to properly advise him concerning his entitlement to credit for previously accrued gain time and for failing to challenge the inclusion of victim injury points on his guidelines scoresheet. Therefore, Matton must be permitted to withdraw his admission to the revocation of his probation. On remand, if Matton chooses to withdraw his plea, the State may either enter into another plea agreement with Matton or schedule a revocation hearing, after which the trial court may sentence him to any sentence legally available at the time of his offense. In addition, Matton may challenge on remand the victim injury points included on his sentence scoresheet.
Reversed and remanded for further proceedings.
WHATLEY and COVINGTON, JJ., concur.