885 So.2d 475 (2004)
Evelyn CHAPMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-2210.
District Court of Appeal of Florida, Fifth District.
October 29, 2004.
*476 Evelyn Chapman, Riverview, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Kellie A. Nielan, Assistant Attorney General, Daytona Beach, for Appellee.
PETERSON, J.
Evelyn Chapman appeals the denial of her motion for sentence reduction pursuant to Florida Rule of Criminal Procedure 3.800(a), alleging that the sentencing court erred by assessing 120 points on her scoresheet for victim injury.
Chapman was indicted for armed robbery and first-degree murder. The homicide occurred when two of Chapman's accomplices, Dufrane Amelia Khaleel and Fernando Rivas, were killed in an automobile accident while fleeing from the scene of the robbery. Khaleel was the driver of the automobile and Rivas was a passenger.
Chapman entered a negotiated plea of no contest to the robbery and the State nolle prossed the murder charge. The negotiated plea included a "bottom of the guidelines" sentence and Chapman received 138 months in the Department of Corrections. This was the lowest permissible sentence according to Chapman's scoresheet which included in the total score 120 points for victim injury for the death of Rivas.
Florida Rule of Criminal Procedure 3.704(d)(9) provides that a "victim injury must not be scored for an offense for which the offender has not been convicted." Section 921.0021(7)(a), Florida Statutes (1999), defines victim injury as a "physical injury or death suffered by a person as a direct result of the primary offense, or any additional offense for which an offender is convicted and which is pending before the court for sentencing at the time of the primary offense." (Emphasis added.) Because Chapman was not convicted of first-degree murder, the only charge in which the death occurred, an imposition of points for victim injury was incorrect. See, e.g., Geary v. State, 675 So.2d 625 (Fla. 2d DCA), review denied, 680 So.2d 422 (Fla.1996).
An erroneous inclusion of victim injury points is cognizable under rule 3.800(a) as long as the error is ascertainable from the face of the record. See, e.g., Long v. State, 853 So.2d 511 (Fla. 4th DCA *477 2003); Reynolds v. State, 827 So.2d 356 (Fla. 1st DCA 2002); Dickson v. State, 826 So.2d 412 (Fla. 2d DCA 2002). Resolution of Chapman's complaint should not entail more than the examination of the indictment, judgment, sentence, stipulation for settlement and scoresheet. We do not believe that an evidentiary determination is necessary to resolve the claim. Of course, the plea agreement could include Chapman's acceptance of the sentence received in exchange for the nolle prosse of the murder charge and that is also easily determined by review of the agreement.
We vacate the order denying relief and remand for further proceedings to determine whether a denial or grant of relief is appropriate after further review of the pleadings.
ORDER VACATED; REMANDED.
SAWAYA, C.J., and MONACO, J., concur.