977 So.2d 695 (2008)
Davis E. McCLENDON, Appellant,
v.
STATE of Florida, Appellee.
No. 1D07-0245.
District Court of Appeal of Florida, First District.
March 18, 2008.
Davis E. McClendon, pro se, Appellant.
Bill McCollum, Attorney General, and Carolyn M. Snurkowski, Assistant Deputy Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges the trial court's order summarily denying his motion alleging ineffective' assistance of counsel filed pursuant to Florida Rule of Criminal Procedure 3.850. Because the record does not refute the appellant's claim that his trial counsel was ineffective for failing to object to victim injury points, we reverse. All other issues are affirmed without further discussion.
Following a jury trial, the appellant was convicted of attempted first-degree murder and sentenced to 20 years' imprisonment, to be followed by two years' community control and eight years' probation. This Court affirmed his judgment and sentence. McClendon v. State, 895 So.2d 410 (Fla. 1st DCA 2005) (unpublished table decision).
In the instant rule 3.850 motion, the appellant alleged that his counsel was ineffective for failing to object to the inclusion of 40 points for severe victim injury because the victim's injuries were not severe. A claim of ineffective assistance of counsel for the failure to object to scoresheet errors at sentencing is cognizable in *697 a rule 3.850 motion. See Sommers v. State, 796 So.2d 608, 610 (Fla. 2d DCA 2001). A defendant is entitled to relief if counsel failed to object to an error of which counsel knew or should have known and the inclusion of the points affected the sentence. See Richie v. State, 777 So.2d 977 (Fla. 2d DCA 1999). The trial court denied the appellant's claim on the ground that the same sentence "could-have-been-imposed" without the scoring of the severe victim injury points. However, in motions alleging scoresheet error brought pursuant to rule 3.850, the correct standard is the "would-have-been imposed" test. See State v. Anderson, 905 So.2d 111 (Fla. 2005).
There is nothing in the record indicating that the trial court would have imposed the same sentence if severe injury points had not been scored. Further, nothing in the record refutes the appellant's claim that the scoring of the points was improper. Thus, the record does not refute the appellant's claim that his trial counsel was ineffective for failing to object to victim injury points.
We, therefore, reverse the summary denial of the appellant's claim alleging ineffective assistance of counsel regarding the failure to object to victim injury points and remand for the trial court to either attach record portions conclusively refuting the appellant's claim or for an evidentiary hearing. All other issues are affirmed.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
BENTON, LEWIS, and ROBERTS, JJ, concur.