VILLANTI, Judge.
 

 Donald J. Harrelson appeals the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850, raising three claims of ineffective assistance of counsel stemming from his probation violation hearing. We affirm the post-conviction court’s order as to grounds one and three without comment. However, we reverse the order as to ground two and remand for further proceedings because the attachments to the postconviction court’s order do not refute Harrelson’s claim that his counsel was ineffective for failing to challenge the inclusion of victim injury points on his scoresheet when he was resentenced after violating his probation.
 

 In February 1989 a jury found Harrel-son guilty of sexual battery with threat of force (count I) and sexual battery (count II). Harrelson’s 1989 scoresheet indicated a total of 470 points, which included 80 points for victim injury. He was sentenced to twenty-two years in prison on count I and to a concurrent term of twenty-two years in prison on count II, followed by fifteen years’ probation on count II only.
 

 In 1992 Harrelson filed a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a) alleging, among other things, that the 80 victim injury points on his 1989 scoresheet were incorrectly included under
 
 Karchesky v. State,
 
 591 So.2d 930 (Fla.1992). The post-conviction court denied this motion; however, this court reversed on the basis that victim injury points were not supported by a finding that “actual injury occurred” as required by
 
 Karchesky. Harrelson v. State,
 
 616 So.2d 128, 129 (Fla. 2d DCA 1993). On remand, the postconviction court resentenced Harrelson to fifteen years in prison on count I and to a concurrent term of twenty years in prison fol
 
 *59
 
 lowed by fifteen years’ probation on count II. Nothing in the record on appeal indicates whether the circuit court made any findings as to “actual injury” when it re-sentenced Harrelson in 1993; however, the court used a revised scoresheet at resen-tencing that did not include any victim injury points.
 

 On August 29, 2008, after Harrelson violated his probation on count II, the circuit court revoked his probation and sentenced him to forty years in prison on count II with credit for time served. In sentencing Harrelson for the violation of probation, the circuit court used a scoresheet that again included 80 victim injury points. Despite this court’s 1993 opinion finding that the inclusion of the victim injury points was improper in this ease, defense counsel apparently did not object to the circuit court’s use of this scoresheet when sentencing Harrelson upon revocation of his probation.
 

 On September 21, 2009, Harrelson filed a motion for postconviction relief alleging ineffective assistance of counsel.
 
 See
 
 Fla. R. Crim. P. 3.850(a). In his second claim, Harrelson argued that defense counsel who represented him at the 2008 sentencing upon revocation was ineffective for failing to argue that the scoresheet used at that sentencing was incorrect because it included the victim injury points that had previously been deleted.
 
 [1]
 
 In its order, the postconviction court failed to address the victim injury point inconsistency and found “[t]he scoresheet was not incorrectly calculated — in 1993 or 2008.”
 
 [2]
 
 Thus, the post-conviction court summarily denied relief on this claim.
 

 Based on this court’s 1993 decision in
 
 Harrelson,
 
 victim injury points could not properly be included on Harrel-son’s scoresheet absent a specific finding of injury to the victims. No such finding appears in our record. “The failure to object to scoresheet errors constitutes ineffective assistance of counsel if counsel failed to object to errors of which counsel knew or should have known.”
 
 Matton v. State,
 
 872 So.2d 308, 312 (Fla. 2d DCA 2004);
 
 see also Sommers v. State,
 
 796 So.2d 608, 610 (Fla. 2d DCA 2001);
 
 Richie v. State, 777
 
 So.2d 977, 977 (Fla. 2d DCA 1999). Thus, if, in fact, Harrelson’s counsel at his revocation hearing failed to object to the reinclusion of the previously removed victim injury points, counsel’s performance would be deficient.
 

 Moreover, when a scoresheet error is challenged via rule 3.850 motion, the postconviction court can find a lack of prejudice only if the record conclusively shows that the trial court “would have imposed” the same sentence using a correct score-sheet.
 
 See Sanders v. State,
 
 35 So.3d 864 (Fla. 2010);
 
 State v. Anderson,
 
 905 So.2d 111, 112 (Fla.2005). Here, nothing in the attachments to the postconviction court’s order shows that the court would have imposed the same sentence upon revocation had it used a properly calculated scoresheet.
 

 Harrelson’s allegations concerning counsel’s alleged ineffectiveness in failing to object to the inclusion of victim injury points on his 2008 sentencing scoresheet
 
 *60
 
 state a facially sufficient claim for relief. Neither the postconviction court’s order nor the attachments to that order conclusively refute Harrelson’s allegations. Therefore, we reverse the denial of this ground for relief and remand for further proceedings. On remand, the postconviction court may again summarily deny relief on this ground if it attaches record documents that conclusively refute Harrelson’s claim. Otherwise, an evidentiary hearing is warranted.
 

 Affirmed in part, reversed in part, and remanded for further proceedings.
 

 WHATLEY and KHOUZAM, JJ., Concur.
 

 [1]
 

 . This claim is properly raised in a rule 3.850 motion.
 
 See Sommers v. State,
 
 796 So.2d 608, 610 (Fla. 2d DCA 2001).
 

 [2]
 

 . Although not argued in Harrelson's motion (but included in his appellate brief), other discrepancies are apparent on the face of the 2008 scoresheet, including the fact that this scoresheet listed the primary offense at conviction as two counts of sexual battery, both scored as life felonies. On remand, the post-conviction court should review Harrelson's scoresheet more closely to minimize further appeals.