ALTENBERND, Judge.
James M. Matthews appeals the denial of his motion for postconviction relief that was timely filed as to his new sentence imposed on violation of probation. We affirm on all of his claims except for the first two claims addressing his sentence. We conclude that the postconviction court erred in summarily denying these claims, but the record does not contain sufficient information for this court to determine the correct resolution of those claims. On remand, it may be necessary for Mr. Matthews to amend his motion. The issue is sufficiently complicated that the postcon-viction court may wish to appoint counsel to assist Mr. Matthews with this claim.
Mr. Matthews apparently committed a lewd and lascivious act on a child in 1989 and then, while on probation in 1990, committed a sexual battery on another child. He was sentenced in April 1992 to fifteen years’ imprisonment on the violation of probation for the lewd and lascivious act and twenty-five years’ imprisonment for the sexual battery, followed by a term of probation. Our record contains a transcript of the plea and sentencing hearing from 1992, and it appears that Mr. Matthews may have had a written plea agreement that is not in our record. The transcript reflects that the maximum sentence under the recommended range of the scoresheet in that era was twenty-seven years’ imprisonment and that the imposed sentence was not an upward departure. The transcript does not reflect any discussion of victim injury points. Our record does not contain the scoresheet from that sentencing. Mr. Matthews claims that it included 120 points for victim injury, which would have been consistent with the then-existing law.
The supreme court decided Karchesky v. State, 591 So.2d 930 (Fla.1992) (victim injury points of unmarried persons under eighteen could not be assessed in score sheet absent physical injury or trauma), shortly after Mr. Matthews was sentenced.[1] This court thereafter affirmed Mr. Matthews’ judgments and sentences, but our records no longer allow us to determine whether he raised the victim injury points as a fundamental error during that appeal. *966 Matthews v. State, 618 So.2d 227 (Fla. 2d DCA 1993) (table decision). Our records do not indicate that the victim injury points on Mr. Matthews’ scoresheet were ever challenged in the years thereafter.
Mr. Matthews was released from prison in 2002 and violated the terms of his probation in 2007. As a result, he was sentenced to a thirty-year term of imprisonment for the sexual battery that occurred in 1992. This court affirmed that new sentence in 2009, and our records, establish that the Karchesky issue was not raised on appeal. Matthews v. State, 6 So.3d 65 (Fla. 2d DCA 2009) (table decision).
Mr. Matthews filed this motion for post-conviction relief in 2010. He is arguing that the scoresheet improperly contained the victim-injury points and that his sentence is an improper upward departure. His pro se motion is not a model pleading and tends to intermingle the events in 1992 and 2007. He does not expressly claim that his lawyer was ineffective or that the scoresheet error can be determined from the face of the record. The postconviction court’s order denying this claim does not attach the scoresheet from either sentencing hearing and contains reasoning that might be more appropriate if the sentence had been imposed under the Criminal Punishment Code. The court attached the transcript of the first sentencing hearing, but not the transcript of the hearing in 2007.
This case is similar to Harrelson v. State, 40 So.3d 57 (Fla. 2d DCA 2010) (addressing a claim of ineffective assistance of counsel for failure to object to inclusion of victim injury points on score-sheet). It is also possible that Mr. Matthews would be entitled to relief under the reasoning of Long v. State, 853 So.2d 511 (Fla. 4th DCA 2003) (addressing a claim of illegal sentence based on the miscalculation of victim injury points). He may need to expressly allege that his lawyer was ineffective at the 2007 sentencing hearing for not challenging these points. See State v. Montague, 682 So.2d 1085 (Fla.1996).
We express no opinion as to the correct analysis of Mr. Matthews’ claim, but we reverse the order on appeal and remand the case for further proceedings to determine whether a scoresheet error at the 2007 sentencing hearing entitles him to relief at this time.
Affirmed in part, reversed in part, and remanded.
KHOUZAM and MORRIS, JJ., Concur.

. This case was superseded by statute, as stated in State v. Montague, 682 So.2d 1085 (Fla.1996), which was in turn superseded by rule, as stated in Horn v. State, 736 So.2d 728 (Fla. 2d DCA 1999).