698 So.2d 571 (1997)
Robert George FITZHUGH, Appellant,
v.
STATE of Florida, Appellee.
No. 96-995.
District Court of Appeal of Florida, First District.
July 22, 1997.
Rehearing Denied September 2, 1997.
*572 Nancy A. Daniels, Public Defender, and Glen P. Gifford, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, and Amelia L. Beisner, Assistant Attorney General, Tallahassee, for Appellee.
MICKLE, Judge.
This cause is before us on appeal from appellant's judgment and sentence after violation of probation. We affirm the revocation of probation and the sentence entered thereon, and remand only for entry of a written order of revocation.
Appellant was charged with one count of sexual battery. He entered a plea of no contest in return for a sentence of three years in prison followed by five years of probation. Some two years later, following appellant's release from prison, the state filed an affidavit alleging numerous technical violations of probation. Thereafter, the state filed an amended affidavit of violation of probation, adding an allegation that appellant had been arrested and charged with several burglaries. At the violation of probation hearing, the state introduced the testimony of a correctional probation supervisor with regard to the technical violations. The state then rested, without producing evidence of the new substantive offenses. After hearing argument from counsel regarding the sufficiency of the state's evidence to demonstrate the technical violations, and after conducting a short side-bar conference, the lower court indicated on the record that it thought the state had presented sufficient proof to establish the technical violations, but that, in an abundance of caution, it wished to hear evidence regarding the new substantive offenses. Over the objection of defense counsel, the state's case was reopened and John Trejo was called to testify that he had recently pled guilty to four burglaries that he and appellant had committed together. Trejo then proceeded to detail the facts surrounding each burglary. The state again rested its case and the court ruled orally that the state had met its burden of proof to demonstrate both the technical violations as well as the new substantive offense. Probation was revoked and appellant was sentenced to seventeen years in prison.
As his first issue on appeal, appellant asserts that the trial court erred in sua sponte reopening the state's case in order to entertain additional evidence on the new substantive offenses. Appellant contends that the lower court invaded the province of the executive branch of government by compelling the state to reopen its case to prove an alleged violation the state had elected not to pursue. The decision of a trial judge to allow a party to reopen its case will not be reversed unless a clear abuse of discretion has been shown. Dees v. State, 357 So.2d 491 (Fla. 1st DCA 1978). Herein, the side-bar conference that took place immediately before the court announced that the state's case would be reopened was not recorded and, as such, it is impossible to ascertain whether the court actually directed the state to reopen its case or whether the prosecutor requested permission to reopen the case in light of the court's concerns regarding the sufficiency of proof to support the technical violations. As such, no finding can be made on this record that the trial court directed or compelled the state to reopen its case. The case of Burton v. State, 596 So.2d 733 (Fla. 2d DCA 1992), cited by appellant, is distinguishable. In Burton, at bench trial the state rested its case and the trial judge pronounced the defendant not guilty of the charge of carrying a concealed firearm. Thereafter, the state requested to reopen its case so that the court could consider additional testimony from a witness concerning whether the firearm was concealed. The judge granted the request, *573 and thereafter found the defendant guilty of the charge. On appeal, the court ruled that double jeopardy barred any further proceedings on this charge once the state had rested and the court had declared the defendant not guilty based on the state's failure of proof and once the defendant had identified the deficiency in the state's case. Id. at 735. In the instant case, the lower court had not yet issued a ruling prior to its decision to allow the state to reopen its case and had, in fact, stated that it was inclined to find appellant in violation, but, in an abundance of caution, wished to hear more evidence. No abuse of discretion has been demonstrated on the instant record.
Appellant's second claim of error is that the state's evidence was not sufficient to prove the technical violations. We need not reach this issue inasmuch as we find that the record supports the revocation of probation based on commission of the new substantive offenses. From our review of the record, we are able to determine that the lower court would have revoked appellant's probation and imposed the same sentence thereon based solely upon the commission of the new substantive offenses. As such, we affirm the revocation of probation. However, we remand for entry of a written revocation order in this regard.
As his last claim of error, appellant, citing Karchesky v. State, 591 So.2d 930 (Fla. 1992), contends that his original guidelines scoresheet was incorrect in that it erroneously included forty points for victim injury. We affirm. As pointed out by the state, an appeal from resentencing following violation of probation is not the proper time to assert an error in the original scoresheet. See State v. Montague, 682 So.2d 1085 (Fla. 1996)(in order to preserve a Karchesky sentencing error for appellate review, a contemporaneous objection to the addition of victim injury points must be made at the time of sentencing).
AFFIRMED and REMANDED with directions.
LAWRENCE, J., concurs.
WEBSTER, J., concurs in result only.
WEBSTER, Judge, concurring in result only.
I am satisfied from my reading of the record that the trial judge directed the state to reopen its case, and to present evidence regarding the new substantive offenses allegedly committed by appellant. In my opinion, such action is improper because, among other things, it tends to give rise to an appearance of partiality on the part of the trial judge. However, I am also satisfied from my review of the record that the evidence was sufficient to establish three technical violations of the conditions of appellant's probationfailure timely to file a monthly report with the probation officer, failure timely to pay the monthly costs of supervision, and changing residence without first obtaining consent from the probation officer. I am satisfied, further, that the trial judge would have revoked appellant's probation and imposed the same sentence he did impose had he correctly found that only those three technical violations had been established. Accordingly, I concur in the result reached by the majority.