707 So.2d 385 (1998)
Darian WRIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. 96-02858.
District Court of Appeal of Florida, Second District.
February 25, 1998.
Mark E. Pena, Tampa, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Johnny T. Salgado, Assistant Attorney General, Tampa, for Appellee.
PARKER, Chief Judge.
Darian Wright appeals the sentence that the trial court imposed upon him following revocation of his probation. Wright argues that the trial court erred in allowing the addition of forty points to his guidelines score for victim injury. We reverse.
Pursuant to a negotiated plea, Wright pleaded guilty to one count of lewd and lascivious conduct in exchange for eight years of *386 probation. One year later, Wright pleaded guilty to violation of his probation. During sentencing, the public defender objected to the forty points scored for sexual penetration arguing that it should only be eighteen points for sexual contact. The trial court overruled the objection and sentenced Wright to six years in prison.
The record does not support that Wright agreed, as part of his original plea, to forty points for victim injury. There is no discussion of the scoresheet because the State had an agreement that Wright would serve eight years of probation in exchange for his plea. Wright correctly argues that the new sentence imposed upon revocation of probation would be two cells lower than the original score.
We agree that the trial court erred by allowing the inclusion of forty points for penetration. See Daum v. State, 544 So.2d 1035, 1036 (Fla. 2d DCA 1989). The State argues that, even if the trial court erred by not correcting the scoresheet, Wright waived his right to appeal this sentencing issue because he failed to object at the original sentencing hearing. However, this court in Daum, held that "the question of how many points should be scored for victim injury is a question of law which may be raised at any time." Id. at 1036. Even if this issue is not cognizable under rule 3.800(a),[1] it is correctable on direct appeal for sentencing errors which occurred upon revocation of probation. See State v. Evans, 693 So.2d 553 (Fla.1997). Accordingly, we reverse this case and remand for correction of the scoresheet to reflect points for contact instead of penetration and for resentencing, because we cannot glean from the record that the trial court would have given the same sentence had it known the correct score. See Sprankle v. State, 662 So.2d 736 (Fla. 2d DCA 1995).
Reversed and remanded.
PATTERSON and FULMER, JJ., concur.
NOTES
[1] See Davis v. State, 661 So.2d 1193, 1197 (Fla. 1995) (holding that erroneous sentence correctable only on direct appeal).