725 So.2d 1216 (1999)
Kenneth Lee BOGAN, Appellant,
v.
STATE of Florida, Appellee.
No. 97-00574
District Court of Appeal of Florida, Second District.
January 15, 1999.
James Marion Moorman, Public Defender, and Patricia A. Paterson, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Kenneth Lee Bogan challenges the imposition of twenty victim injury points on his scoresheet prepared upon violation of probation, and he challenges the trial court's forfeiture of his accrued gain-time. We reverse on both points.
In October of 1989 Bogan was sentenced to five years' imprisonment for lewd and lascivious assault on a minor in violation of section 800.04, Florida Statutes (1989). At the time of the original sentencing, the Florida Rules of Criminal Procedure provided for the imposition of victim injury points on a scoresheet based on a defendant's physical contact with the victim. See Fla. R.Crim. P. 3.701(d)(7). Bogan did not object to the imposition of the twenty victim injury points either at sentencing or on appeal.
Having previously failed to challenge the imposition of victim injury points, Bogan now seeks to challenge the inclusion of victim injury points upon revocation of probation. In support of his argument, Bogan relies on *1217 this court's decision in Wright v. State, 707 So.2d 385 (Fla. 2d DCA 1998). In Wright, this court permitted a Karchesky[1] sentencing issue arising from the original sentence to be raised on appeal following a violation of probation. We find this case indistinguishable from Wright and, therefore, reverse the trial court's denial of Bogan's motion to correct his scoresheet and remand for resentencing. The new sentencing must be pursuant to a scoresheet that does not include these victim injury points.
We recognize that this decision is in conflict with the First District Court of Appeal's opinion in Fitzhugh v. State, 698 So.2d 571 (Fla. 1st DCA 1997). In Fitzhugh the defendant, citing Karchesky, challenged the imposition of forty points for victim injury on his original guidelines scoresheet. In reliance on State v. Montague, 682 So.2d 1085 (Fla. 1996), the Fitzhugh court affirmed the inclusion of the points, reasoning that "an appeal from re-sentencing following violation of probation is not the proper time to assert an error in the original scoresheet."
Additionally, we reverse the trial court's forfeiture of Bogan's gain-time. Bogan is entitled to his accrued gain-time. See State v. Green, 547 So.2d 925 (Fla.1989).
We reverse the sentence imposed and remand this case to the trial court for resentencing consistent with this opinion.
PARKER, C.J., and QUINCE, PEGGY A., Associate Judge, Concur.
ALTENBERND, J., Concurs with opinion.
ALTENBERND, Judge, Concurring.
I agree that Mr. Bogan is entitled to his accrued gain-time. By my calculations, he is entitled to immediate release. Accordingly, I see no reason to reach the other issue.
NOTES
[1] Karchesky v. State, 591 So.2d 930 (Fla.1992).