731 So.2d 9 (1999)
John Wayne SPELL, Appellant,
v.
STATE of Florida, Appellee.
No. 97-00572.
District Court of Appeal of Florida, Second District.
January 15, 1999.
Rehearing Denied April 20, 1999.
James Marion Moorman, Public Defender, and Patricia A. Paterson, Assistant Public Defender, Bartow, for Appellant.
*10 Robert A. Butterworth, Attorney General, Tallahassee, and Ann Pfeiffer Corcoran, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
John Wayne Spell challenges the imposition of forty victim injury points on the scoresheet prepared on resentencing after his violation of community control. Because we find that the trial court should have corrected Spell's scoresheet by deletion of the victim injury points, we reverse.
Spell relies on this court's opinion in Wright v. State, 707 So.2d 385 (Fla. 2d DCA 1998), to advance his argument that a scoresheet error is reviewable at resentencing after a community control violation, even when there was no objection at the original sentencing. This case is indistinguishable from Wright; therefore, Spell must be sentenced under a scoresheet that does not include these victim injury points.
We recognize that this decision is in conflict with the First District Court of Appeal's opinion in Fitzhugh v. State, 698 So.2d 571 (Fla. 1st DCA 1997). In Fitzhugh the defendant, citing Karchesky,[1] challenged the imposition of forty points for victim injury on his original guidelines scoresheet. In reliance on State v. Montague, 682 So.2d 1085 (Fla.1996), the court affirmed the imposition of the points, reasoning that "an appeal from re-sentencing following violation of probation is not the proper time to assert an error in the original scoresheet."
Therefore, we reverse the sentence imposed and remand for resentencing with a corrected scoresheet.
PARKER, C.J., and QUINCE, PEGGY A., Associate Judge, Concur.
ALTENBERND, J., dissents with opinion.
ALTENBERND, Judge, dissenting.
The record in this case is quite confusing. In February 1994, Mr. Spell received a sentence of 2 years' imprisonment followed by 5 years' probation. In case numbers 93-422 and 93-423, he apparently was sentenced on two separate informations alleging lewd and lascivious conduct. The only scoresheet available to this court from that time includes 80 points for victim injury and scores the charges from both informations. Our record includes a judgment and sentence for only one of those two charges. That sentence was entered on a plea of nolo contendere, and it appears to be a substantial downward departure.
In January 1997, Mr. Spell was sentenced on a violation of community control. Apparently, sometime between 1994 and 1997, Mr. Spell violated his probation and received a sentence of community control. The 1997 sentence relates only to case number 93-423. The scoresheet prepared in 1997 omits points for case number 93-422 and contains only 40 points for victim injury. That scoresheet totals 198 points and claims that it permits a sentence between 4½ and 9 years. Actually, the permitted range is lower; including a one-cell increase for violation of community control, the permitted range would be 2½ to 5½ years' imprisonment. The trial court imposed a sentence of 3½ years' imprisonment with credit for all prior time served, followed by 2 years' probation.
The only preserved error concerns the 40 points for victim injury on the newer scoresheet. Mr. Spell never alleged, much less testified, that the victim did not receive injuries allowing for these points. I agree that he can raise this issue for the first time at the 1997 sentencing hearing because the relevant scoresheet is new, but I believe he is bound by the prior rulings in his existing case unless he can demonstrate that the earlier scoresheet was factually incorrect. On this strange record, I find no reversible error.
*11 As a practical matter, Mr. Spell has fully served this term of imprisonment, and there is nothing erroneous concerning the term of probation. Although it might be useful to have a correct scoresheet in this record, I do not see what can be accomplished at resentencing, and I doubt that a meaningful inter-district conflict exists in this record.
NOTES
[1] Karchesky v. State, 591 So.2d 930 (Fla. 1992).