VAN NORTWICK, J.
 

 In this appeal of an order revoking probation, Jamie Lee Tasker challenges the assessment on his scoresheet of forty points for victim injury as a result of sexual contact. The scoresheet at issue was prepared for the initial sentencing hearing where probation was ordered following completion of a jail term. The issue of the scoring of victim injury points was not raised at that initial sentencing nor was it raised in the three subsequently held hearings regarding allegations that Tasker violated the conditions of his probation. It was only after Tasker’s probation was revoked and this appeal filed that the issue of the scoring victim injury points for sexual contact was raised. During the pen-dency of this appeal, appellate counsel filed a motion to correct sentence, pursuant to rule 3.800(b)(2), Florida Rules of Criminal Procedure, challenging the assessment of forty points. The trial court denied the motion.
 

 Under our case authority, appellant has not preserved the issue of the assessment of victim injury points. As we explained in
 
 Fitzhugh v. State,
 
 698 So.2d 571, 573 (Fla. 1st DCA 1997), “an appeal from resentencing following violation of probation is not the proper time to assert an error in the original scoresheet.”
 
 See also Bowman v. State,
 
 974 So.2d 1205 (Fla. 1st DCA 2008). Importantly, section 924.06(2), Florida Statutes (2007), provides that “an appeal of an order revoking probation may review only proceedings after the order of probation.” We acknowledge other districts have held to the contrary.
 
 See Stubbs v. State,
 
 951 So.2d 910 (Fla. 2d DCA 2007)(holding that trial court erred in refusing to allow defendant to challenge the inclusion of victim injury and legal constraint points at sentencing following revocation of probation);
 
 Spell v. State,
 
 731 So.2d 9 (Fla. 2d DCA 1999)(holding defendant could challenge victim injury points after revocation of community control);
 
 Bogan v. State,
 
 725 So.2d 1216 (Fla. 2d DCA 1999)(holding that defendant could challenge assessment of victim injury points in appeal of revocation of probation despite the fact that defendant did not raise the issue at the original sentencing hearing or in a prior appeal);
 
 see also Routenberg v. State,
 
 802 So.2d 361 (Fla. 2d DCA 2001)(holding that a claim that victim injury points for penetration were incor
 
 *891
 
 rectly assessed on scoresheet could be raised in a rule 3.800(a) motion even after violation of probation); and
 
 Wright v. State,
 
 707 So.2d 385 (Fla. 2d DCA 1998)(explaining defendant did not waive right to challenge scoresheet points for victim injury for penetration by not raising issue at original sentencing hearing). We certify conflict with
 
 Stubbs, Spell,
 
 and
 
 Bo-gan.
 

 AFFIRMED; conflict certified.
 

 WOLF and KAHN, JJ., concur.