*270
 
 GERBER, J.
 

 In this appeal, the defendant argues that the circuit court erred by failing to make the state provide competent evidence of the prior offenses identified on his score-sheet after his violation of probation. The state responds that the defendant cannot raise this challenge after his violation of probation because he did not raise it at his original sentencing. Thus, this appeal presents the question of whether a defendant who fails to challenge the inclusion of prior offenses on his scoresheet at his original sentencing may raise the challenge after his violation of probation. We answer yes, and remand for the state to provide competent evidence of the defendant’s prior offenses.
 

 The defendant pled no contest to battery on a law enforcement officer and resisting an officer with violence. In exchange, the state agreed to recommend probation as a negotiated downward departure from the minimum guidelines sentence of 44.7 months. At sentencing, the state submitted a scoresheet identifying several prior offenses. The defendant accepted the scoresheet. The circuit court then placed the defendant on probation.
 

 The defendant later violated probation. At sentencing, the state provided the court with an updated scoresheet with additional points for the probation violation, resulting in a minimum guidelines sentence of 55.35 months. The updated scoresheet identified the same prior offenses as the original scoresheet. The defendant objected to the updated scoresheet and requested that the state prove the existence of the identified prior offenses.
 

 The circuit court overruled the objection. The court reasoned that, because the same prior offenses appeared on the defendant’s original scoresheet, which the defendant accepted, the defendant waived the objection. The court correctly noted, however, that the defendant could raise his objection in a motion to correct sentencing error under Florida Rule of Criminal Procedure 3.800. The court then sentenced the defendant to prison for five years on the resisting charge and two years on the battery charge, to run concurrently.
 

 After the defendant filed his notice of appeal, he filed a rule 3.800(b)(2) motion to correct sentencing error, effectively staying this appeal. Fla. R.Crim. P. 3.800(b)(2) (2008). The motion alleged that the scoresheet included two offenses in violation of section 921.0021(5), Florida Statutes (2008). That statute, in pertinent part, provides that “[c]onvictions for offenses committed by the offender more than 10 years before the primary offense are not included in the offender’s prior record if the offender has not been convicted of any other crime for a period of 10 consecutive years from the most recent date of release from confinement, supervision, or sanction, whichever is later, to the date of the primary offense.” § 921.0021(5), Fla. Stat. (2008). The motion also alleged that the scoresheet included offenses which did not appear on the Department of Corrections’ website listing of the defendant’s prison history. The defendant requested that, pursuant to
 
 Lyons v. State,
 
 823 So.2d 250 (Fla. 4th DCA 2002), the circuit court hold an evi-dentiary hearing at which the state would have to prove the proper inclusion of the prior offenses on his scoresheet.
 
 See id.
 
 at 251 (on review of rule 3.800 motion, state has burden to prove that defendant committed any challenged conviction).
 

 Within sixty days of the defendant filing the motion, the circuit court did not rule on the motion, meaning that the motion was considered denied. Fla. R.Crim. P. 3.800(b)(2)(B) and 3.800(b)(1)(B) (2008). The defendant then resumed this appeal. The defendant supplemented our record
 
 *271
 
 with his motion to correct sentencing error, and renewed the arguments from that motion in his initial brief.
 

 In its answer brief, the state argues that, because the defendant did not challenge the prior offenses on his scoresheet at his original sentencing, he could not raise the objection after his violation of probation. The state relies on
 
 Fitzhugh v. State,
 
 698 So.2d 571 (Fla. 1st DCA 1997), which held that “an appeal from resentenc-ing following violation of probation is not the proper time to assert an error in the original scoresheet.”
 
 Id.
 
 at 573.
 

 The state’s reliance on
 
 Fitzhugh
 
 is misplaced. In
 
 Fitzhugh,
 
 the defendant first raised his scoresheet objection on appeal. 698 So.2d at 573. Here, the defendant first raised his scoresheet objection before the circuit court, both at the violation of probation sentencing and in his motion to correct sentencing error. Therefore, this appeal is ripe.
 
 See
 
 Fla. R.App. P. 9.140(e) (“A sentencing error may not be raised on appeal
 
 unless
 
 the alleged error has first been brought to the attention of the lower tribunal: (1) at the time of sentencing; or (2) by motion pursuant to Florida Rule of Criminal Procedure 3.800(b).”) (emphasis added).
 

 The proper issue here is whether a defendant who fails to challenge the inclusion of prior offenses on a scoresheet at his original sentencing may raise the challenge after his violation of probation. Our review is de novo.
 
 See Grosso v. State,
 
 2 So.3d 362, 364 (Fla. 4th DCA 2008) (“The legality of a sentence is a question of law and is subject to
 
 de novo
 
 review.”) (citations omitted).
 

 We hold that a defendant who fails to challenge the inclusion of prior offenses on a scoresheet at his original sentencing may raise the challenge after his violation of probation. If we were to hold otherwise, the defendant still could raise the alleged sentencing error through postconviction motions. Under rule 3.800, the defendant could file a motion to correct sentencing error, even while an appeal is pending.
 
 Brooks v. State,
 
 969 So.2d 238, 241 (Fla.2007). Under rule 3.850, the defendant could file a motion raising a sentencing error within two years after the sentence becomes final.
 
 Id.
 
 Given the opportunity to file these motions, we see no legal or practical reason why a defendant who fails to raise the challenge at his original sentencing cannot raise the challenge after his violation of probation. In the interests of justice and judicial economy, however, defendants obviously should raise the challenge at the earliest opportunity.
 
 See id.
 
 at 243 (recognizing “policy of encouraging defendants to seek an early remedy so that sentencing errors may be corrected as soon as possible — especially when those errors appear on the face of the record”). Of course, once a court has ruled upon the challenge on its merits, the defendant cannot repeat the challenge in a successive motion.
 

 In reaching this holding, we align ourselves with the second district, which has held:
 

 [A] defendant may challenge the inclusion of [sentencing] points at a revocation proceeding even when those points were not challenged at the original sentencing or on direct appeal. This rule applies even where the defendant pleads pursuant to a negotiated plea if he or she did not specifically agree to the inclusion of the points on the scoresheet.
 

 Stubbs v. State,
 
 951 So.2d 910, 911 (Fla. 2d DCA 2007) (alterations in original; internal citations and quotations omitted).
 

 Because the circuit court did not require the state to provide competent evidence of the prior offenses on the defendant’s scoresheet after his violation of probation,
 
 *272
 
 we remand for an evidentiary hearing for that purpose.
 
 Lyons,
 
 823 So.2d at 251. If the evidentiary hearing confirms a score-sheet error, the court shall consider resen-tencing the defendant under the “would-have-been-imposed” standard cited in
 
 State v. Anderson,
 
 905 So.2d 111 (Fla.2005):
 

 The would-have-been-imposed test ... requires an examination of the record for conclusive proof that the scoresheet error did not affect or contribute to the sentencing decision. If the reviewing court cannot determine conclusively from the record that the trial court would have imposed the same sentence despite the erroneous scoresheet ... re-sentencing is required.
 

 Id.
 
 at 115-16.
 
 See also Brooks,
 
 969 So.2d at 242-43 (“would-have-been-imposed standard” applies to rule 3.800(b) motions).
 

 Reversed and remanded.
 

 POLEN and MAY, JJ., concur.