LABARGA, J.
This case is before the Court for review of the decision of the First District Court of Appeal in Tasker v. State, 12 So.3d 889 (Fla. 1st DCA 2009). The district court certified that its decision is in direct conflict with the decisions of the Second District Court of Appeal in Stubbs v. State, 951 So.2d 910 (Fla. 2d DCA 2007), Spell v. State, 731 So.2d 9 (Fla. 2d DCA 1999), and Bogan v. State, 725 So.2d 1216 (Fla. 2d DCA 1999). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.
The issue presented in this case is whether a claim of scoresheet error, in this case involving imposition of victim injury points in a Criminal Punishment Code sentencing scoresheet, which is raised for the first time after revocation of probation in a motion filed under Florida Rule of Criminal Procedure 3.800(b)(2), is preserved for review on appeal. As we explain below, we conclude that a claim of scoresheet error pertaining to victim injury points that are included on the scoresheet filed in the initial sentencing proceeding in which the defendant is placed on probation may be raised for the first time in a rule 3.800(b)(2) motion during the appeal from revocation of probation, and the issue is thereby preserved for appellate review. The First District held to the contrary and did not reach the merits of Tasker’s claim that sexual contact victim injury points were improperly included on his sentencing scoresheet. Our holding requires us to quash the decision of the First District, and in so doing, we remand to that court the question of whether the victim injury points were improperly imposed.
FACTS AND PROCEDURAL BACKGROUND
Jamie Lee Tasker, age thirty-five at the time of the offenses, was charged by information filed in Suwannee County in October 2004 with one count of lewd and lascivious molestation of a female twelve years of age or older but under the age of sixteen, in violation of section 800.04(5), Florida Statutes (2004). He was also charged with child abuse in violation of section 827.03(1), Florida Statutes (2004), in relation to another child. In December 2004, Tasker pled guilty as charged to both counts.
At the sentencing hearing on January 11, 2005, adjudication was withheld and Tasker was placed on ten years’ sex offender probation for Count I, lewd and lascivious molestation, and a concurrent term of five years’ probation for Count II, child abuse, all to commence after serving six months in the county jail. He was also formally designated a sex offender subject to all statutory requirements. The Criminal Punishment Code (CPC) scoresheet prepared for this initial sentencing hearing included forty victim injury points for sex *800 ual contact.[1] Tasker did not object at that time to inclusion of the victim injury points on the initial CPC scoresheet and he did not take a direct appeal.
Tasker subsequently violated his probation on several occasions, and was returned to probation each time with additional conditions. However, at a violation of probation hearing on April 12, 2007, Tasker admitted that he tested positive for cocaine use. The disposition hearing was held May 10, 2007, at which Tasker was found to have violated his probation by testing positive for cocaine use. Based on an updated scoresheet, which included the same victim injury points for sexual contact, Tasker was adjudicated guilty and sentenced on Count I, lewd and lascivious molestation of a child, to 120 months in prison. As to Count II, child abuse, Task-er was adjudicated guilty and sentenced to thirty-six months in prison concurrent with the sentence for Count I. Tasker did not object to the scoresheet during the disposition hearing when he was sentenced to prison.
Tasker then appealed to the First District Court of Appeal. During that appeal, but before the first brief was served, Task-er’s appellate counsel filed a motion to correct sentencing error in the trial court, pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). In the motion, he alleged as a sentencing error that the victim injury points on his CPC sentencing score-sheet were not supported by the record and were therefore improperly included on the scoresheet. Without holding a hearing on the motion, the trial court issued an order on September 10, 2008, denying the motion on the merits. That ruling was included in a supplemental record, which was then filed in Tasker’s appeal to the First District pursuant to rule 3.800.
The First District, however, did not reach the merits of Tasker’s claim that inclusion of the victim injury points on the scoresheet was error, but ruled instead that the issue was not preserved. See Tasker v. State, 12 So.3d 889, 890 (Fla. 1st DCA 2009). The First District held in pertinent part as follows:
During the pendency of this appeal, appellate counsel filed a motion to correct sentence, pursuant to rule 3.800(b)(2), Florida Rules of Criminal Procedure, challenging the assessment of forty points. The trial court denied the motion.
Under our case authority, appellant has not preserved the issue of the assessment of victim injury points. As we explained in Fitzhugh v. State, 698 So.2d 571, 573 (Fla. 1st DCA 1997), “an appeal from resentencing following violation of probation is not the proper time to assert an error in the original scoresheet.” See also Bowman v. State, 974 So.2d 1205 (Fla. 1st DCA 2008). Importantly, section 924.06(2), Florida Statutes (2007), provides that “an appeal of an order revoking probation may review only proceedings after the order of probation.” We acknowledge other districts have held to the contrary. See Stubbs v. State, 951 So.2d 910 (Fla. 2d DCA 2007) (holding that trial court erred in refusing to allow defendant to challenge the inclusion of victim injury and legal constraint points at sentencing following revocation of probation); Spell *801 v. State, 731 So.2d 9 (Fla. 2d DCA 1999) (holding defendant could challenge victim injury points after revocation of community control); Bogan v. State, 725 So.2d 1216 (Fla. 2d DCA 1999) (holding that defendant could challenge assessment of victim injury points in appeal of revocation of probation despite the fact that defendant did not raise the issue at the original sentencing hearing or in a prior appeal); see also Routenberg v. State, 802 So.2d 361 (Fla. 2d DCA 2001) (holding that a claim that victim injury points for penetration were incorrectly assessed on scoresheet could be raised in a rule 3.800(a) motion even after violation of probation); and Wright v. State, 707 So.2d 385 (Fla. 2d DCA 1998) (explaining defendant did not waive right to challenge scoresheet points for victim injury for penetration by not raising issue at original sentencing hearing). We certify conflict with Stubbs, Spell, and Bogan.
Id. at 890-91.
In Stubbs v. State, 951 So.2d 910 (Fla. 2d DCA 2007), the first conflict case, the Second District had for consideration a challenge to the accuracy of a CPC score-sheet that was prepared for Stubbs’ first sentencing proceeding, in which he was placed on probation, and was subsequently used to determine his prison sentence after his violation of probation. Stubbs, 951 So.2d at 911. The trial court rejected Stubbs’ claim made in the resentencing proceeding after revocation of probation, but the district court reversed. Id. at 911. Citing a number of its earlier decisions, the Second District held that a defendant may challenge the inclusion of victim injury points in a revocation proceeding even when those points were not challenged at the original sentencing or on direct appeal. Id. The Fourth District expressly aligned itself with Stubbs in the case of Bryant v. State, 37 So.3d 269, 271 (Fla. 4th DCA 2009) (holding that a defendant may challenge the inclusion of sentencing points after violation of probation, including in a rule 3.800(b)(2) motion, even when the points were not challenged at the original sentencing or on direct appeal).
In the second conflict case, Spell v. State, 731 So.2d 9 (Fla. 2d DCA 1999), the Second District held that a defendant has the right to challenge victim injury points at a resentencing upon revocation of probation even if the points were not challenged at the original sentencing. Id. at 10. In so holding, the district court found Spell’s case indistinguishable from Wright v. State, 707 So.2d 385 (Fla. 2d DCA 1998), in which the Second District previously held that the defendant may object to victim injury points on the scoresheet used at the resentencing after revocation of probation, even if no objection was raised as to the original scoresheet.
In the third conflict case, Bogan v. State, 725 So.2d 1216 (Fla. 2d DCA 1999), the Second District held that the defendant could challenge victim injury points after revocation of his probation even though he failed to object at the original sentencing when he was placed on probation. Id. at 1217. As explained below, we agree with the Second District in Stubbs, Spell and Bogan, and with the Fourth District in Bryant, that a defendant may, after revocation of probation, challenge inclusion of victim injury points in the CPC sentencing scoresheet which is relied upon at the resentencing even if no objection to the scoresheet was raised at the time of the initial sentencing when the defendant was placed on probation. We further hold that where the claim is raised in a rule 3.800(b)(2) motion after revocation of probation, it is thereby preserved for appellate review.
*802 ANALYSIS
In holding that Tasker was barred from appealing the denial of his claim of sentencing error that was raised in a rule 3.800(b)(2) motion after revocation of probation, the First District relied upon its earlier decision in Fitzhugh v. State, 698 So.2d 571 (Fla. 1st DCA 1997), and on section 924.06(2), Florida Statutes (2007). We conclude that neither section 924.06(2), Florida Statutes, nor the principle of law set forth in Fitzhugh bars a defendant from appealing a claim of sentencing error that was raised in a motion filed under rule 3.800(b)(2) after revocation of probation. The district court’s decision in Fitz-hugh will be discussed first.
In Fitzhugh, the First District held that an appeal from resentencing following violation of probation is not the proper time to assert an error in the original score-sheet and that a contemporaneous objection must be made at the time of sentencing. 698 So.2d at 573. However, we find it significant — and a distinguishing factor — that in Fitzhugh, the sentencing error was not raised in any form in the trial court but was raised for the first time in the district court in the probation revocation appeal. Thus, Fitzhugh was decided on the principle of contemporaneous objection. See also Bryant, 37 So.3d at 271 (distinguishing Fitzhugh on the basis that Fitzhugh first raised his claim of score-sheet error on appeal, rather than in the circuit court). Moreover, Fitzhugh was decided before rule 3.800 was amended to specifically allow motions to correct sentencing errors to be filed during an appeal, as Tasker did in this case, without regard to whether a contemporaneous objection to the error was made during sentencing.[2]
Florida Rule of Criminal Procedure 3.800 was amended in 1999 to add subdivision (b)(2), which was intended to resolve the difficulties presented by sentencing errors being raised for the first time on appeal, just as occurred in Fitzhugh. See Amendments to Fla. Rules of Criminal Procedure 3.111(e) & 3.800 & Fla. Rules of Appellate Procedure 9.020(h), 9.140, & 9.600, 761 So.2d 1015 (Fla.1999) (hereafter “Amendments”). In determining whether Tasker preserved his claim of sentencing error for review in the appeal from his revocation of probation, we first examine the applicable provisions of rule 3.800, as amended, which provide in pertinent part as follows:
Rule 3.800. Correction, Reduction, and Modification of Sentences
(a) Correction. A court may at any time correct an illegal sentence imposed by it, or an incorrect calculation made by it in a sentencing scoresheet, or a sentence that does not grant proper credit for time served when it is affirmatively alleged that the court records demonstrate on their face an entitlement to that relief, provided that a party may not file a motion to correct an illegal sentence under this subdivision during the time allowed for the filing of a motion under subdivision (b)(1) or during the pendency of a direct appeal. All orders denying motions under this subdivision shall include a statement that the movant has the right to appeal within 30 days of rendition of the order.
[[Image here]]
(b) Motion to Correct Sentencing Error
*803 [[Image here]]
(2) Motion Pending Appeal. If an appeal is pending, a defendant or the state may file in the trial court a motion to correct a sentencing error. The motion may be filed by appellate counsel and must be served before the party’s first brief is served. A notice of pending motion to correct sentencing error shall be filed in the appellate court, which notice automatically shall extend the time for the filing of the brief until 10 days after the clerk of circuit court transmits the supplemental record under Florida Rule of Appellate Procedure 9.140(f)(6).
Fla. R.Crim. P. B.800. The amendment was intended to “place correction of alleged errors in the hands of the judicial officer [the trial judge] best able to investigate and to correct any error.” Jackson v. State, 983 So.2d 562, 571 (Fla.2008) (quoting Amendments, 761 So.2d at 1016). Subdivision (b)(2) was therefore added to rule 3.800, allowing a sentencing error to be raised for the first time after the notice of appeal is filed but before the party’s first brief is served. In amending the rule, we explained:
[R]ule 3.800(b) as it is currently written has fallen far short of the goal of providing a “failsafe” method for defendants to seek to have sentencing errors corrected in the trial court and thereby preserve them for appellate review. The plethora of appellate cases addressing the issue of whether unpreserved sentencing error may be presented on appeal demonstrates that despite the availability of the present rule 3.800(b), many sentencing errors have gone unnoticed and uncorrected by trial counsel, the prosecutor, and the trial court. There are multiple reasons why rule 3.800(b) has failed to provide a “failsafe” method to detect, correct and preserve sentencing errors....
[[Image here]]
... [T]he amended rule is intended to provide one mechanism whereby all sentencing errors may be preserved for appellate review.... “This includes errors in orders of probation, orders of community control, cost and restitution orders, as well as errors within the sentence itself.” The amendment to rule 3.800(a) will make it clear that a rule 3.800(b) motion can be used to correct any type of sentencing error, whether we had formerly called that error erroneous, unlawful, or illegal.
Amendments, 761 So.2d at 1017-19 (emphases added). Moreover, rule 3.800 makes clear that a sentencing scoresheet error may be raised at any time. See Fla. R.Crim. P. 3.800(a) (“A court may at any time correct an illegal sentence imposed by it, or an incorrect calculation made by it in a sentencing scoresheet, or a sentence that does not grant proper credit for time served.... ”). In its holding in Bryant v. State, that a scoresheet error pertaining to prior offenses that was raised after revocation of probation was preserved for review, the Fourth District observed:
If we were to hold otherwise, the defendant still could raise the alleged sentencing error through postconviction motions. Under rule 3.800, the defendant could file a motion to correct sentencing error, even while an appeal is pending. Brooks v. State, 969 So.2d 238, 241 (Fla.2007). Under rule 3.850, the defendant could file a motion raising a sentencing error within two years after the sentence becomes final. Id. Given the opportunity to file these motions, we see no legal or practical reason why a defendant who fails to raise the challenge at his original sentencing cannot raise the challenge after his violation of probation. *804 In the interests of justice and judicial economy, however, defendants obviously should raise the challenge at the earliest opportunity.
Bryant, 37 So.3d at 271. This Court similarly recognized in Brooks v. State, 969 So.2d 238 (Fla.2007), that rule 3.800(b) was amended “ ‘to provide defendants with a mechanism to correct sentencing errors in the trial court at the earliest opportunity’ and ‘to give defendants a means to preserve these errors for appellate review.’ ” Brooks, 969 So.2d at 241 (quoting Amendments, 761 So.2d at 1016).
In explaining the rationale behind amending rule 3.800(b) to allow sentencing errors to be raised in the trial court after the notice of appeal, we noted that “trial counsel have come to rely upon appellate counsel to detect these errors and raise them on appeal.” Amendments, 761 So.2d at 1017. “[A]n advantage of this amendment is that it will give appellate counsel, with expertise in detecting sentencing errors, the opportunity to identify any sentencing errors and a method to correct these errors and preserve them for appeal.” Id. at 1018. In the present case, appellate counsel recognized a possible sentencing error and filed a motion under rule 3.800(b)(2) during the pendency of the appeal from the sentence imposed after the revocation of probation. This was a proper use of rule 3.800(b)(2) to correct the alleged scoresheet error and, just as the rule intended, the motion preserved the issue of the scoresheet error for appellate review.
We also conclude, contrary to the holding of the First District, that section 924.06(2), Florida Statutes, raises no procedural bar to appellate review of a sentencing error that was raised for the first time after revocation of probation in a rule 3.800(b)(2) motion. Because the question involves interpretation of a statute, it is subject to de novo review. See Sch. Bd. of Palm Beach Cnty. v. Survivors Charter Schools, Inc., 3 So.3d 1220, 1232 (Fla.2009). We begin with the well-recognized principle that “[l]egislative intent guides statutory analysis, and to discern that intent we must look first to the language of the statute and its plain meaning.” Fla. Dep’t of Children & Family Servs. v. P.E., 14 So.3d 228, 234 (Fla.2009) (citing Knowles v. Beverly Enterprises-Florida, Inc., 898 So.2d 1, 5 (Fla.2004)). “[LJegislative intent is determined primarily from the text” of the statute. Continental Cas. Co. v. Ryan Inc. Eastern, 974 So.2d 368, 374 (Fla.2008) (citing Maggio v. Fla. Dep’t of Labor & Emp’t Sec., 899 So.2d 1074, 1076-77 (Fla.2005)). Thus, we begin with careful consideration of the text of section 924.06(2), which states:
(2) An appeal of an order granting probation shall proceed in the same manner and have the same effect as an appeal of a judgment of conviction. An appeal of an order revoking probation may review only proceedings after the order of probation. If a judgment of conviction preceded an order of probation, the defendant may appeal from the order or the judgment or both.
§ 924.06(2), Fla. Stat. (2007) (emphasis added).[3]
The First District relied on section 924.06(2) to conclude that a scoresheet error raised for the first time after revocation of probation may not be reviewed in the appeal from the revocation of probation. See Tasker, 12 So.3d at 890. However, the First District’s reading of section *805 924.06(2) neither accords with the actual text of the statute nor effectuates what we discern to be the legislative intent behind the statute. We recognize that section 924.06(2) limits the issues which may be reviewed on an appeal from a revocation of probation to those “proceedings after the order of probation.” § 924.06(2), Fla. Stat. In determining if the claim made in Task-er’s rule 3.800(b)(2) motion falls within the category of “proceedings after the order of probation,” we note first that sentencing after revocation of probation is a “deferred sentencing proceeding.” Green v. State, 468 So.2d 1139, 1140 (Fla.1985). The deferred sentencing proceeding in this case, and the court’s reliance on the CPC score-sheet prepared for that deferred sentencing proceeding, necessarily occurred “after the order of probation.” Additionally, the rule 3.800(b)(2) proceeding to correct sentencing error, which Tasker initiated in the trial court, also occurred “after the order of probation.” Thus, Tasker’s appeal of the denial of his 3.800(b)(2) motion does not violate the express terms of section 924.06(2).
We are not at liberty to extend or modify the express and unambiguous terms of section 924.06(2) by adding limitations on appellate review that do not appear in the provision. See Holly v. Auld, 450 So.2d 217, 219 (Fla.1984) (citing A.R. Douglass, Inc. v. McRainey, 102 Fla. 1141, 137 So. 157, 159 (1931)). Nor do we conclude that the interpretation given the statute by the First District is necessary to effectuate legislative intent. See, e.g., Fla. Dept. of Children & Family Servs., 14 So.3d at 234 (‘Where the statute’s language is clear or unambiguous, courts need not employ principles of statutory construction to determine and effectuate legislative intent.”). Therefore, based on the clear and unambiguous language of section 924.06(2), we find that the First District’s interpretation of section 924.06(2) as raising a procedural bar to appellate review of Tasker’s claim was incorrect.
Accordingly, based on the foregoing, we hold that a claim of scoresheet error on the initial CPC sentencing scoresheet utilized when a defendant is placed on probation may be raised for the first time after revocation of probation; and if the claim of error is timely raised in a rule 3.800(b)(2) motion during appeal from the revocation of probation, the claim is preserved for review in that appeal. Because Tasker raised his claim of scoresheet error in a properly filed motion under rule 3.800(b)(2), we find his claim was preserved for appellate review.
CONCLUSION
Based on the foregoing, we quash the decision of the First District in Tasker v. State, 12 So.3d 889 (Fla. 1st DCA 2009), and remand for determination of Tasker’s claim that forty sexual contact victim injury points were improperly included on his scoresheet. We approve the decisions of the Second District Court of Appeal in Stubbs v. State, 951 So.2d 910 (Fla. 2d DCA 2007), Spell v. State, 731 So.2d 9 (Fla. 2d DCA 1999), and Bogan v. State, 725 So.2d 1216 (Fla. 2d DCA 1999).
It is so ordered.
CANADY, C.J., and PARIENTE, LEWIS, QUINCE, and PERRY, JJ., concur.
CANADY, C.J., concurring with an opinion.
POLSTON, J., dissenting with an opinion.

. Section 921.0021(7)(b)(2), Florida Statutes (2004), provides that if a conviction is for an offense involving sexual contact which does not include sexual penetration, the sexual contact must be scored on the Criminal Punishment Code sentencing scoresheet in accord with the provisions of section 921.0024, Florida Statutes (2004). Section 921.0024(l)(a) provides that forty victim injury points must be imposed for "sexual contact” not involving penetration.

. We also amended Florida Rule of Appellate Procedure 9.140(e), to provide that a sentencing error may not be raised on appeal unless the alleged error has first been brought to the attention of the lower tribunal, either “(1) at the time of sentencing; or (2) by motion pursuant to Florida Rule of Criminal Procedure 3.800(b).” See Amendments to Fla. Rules of Appellate Procedure, 827 So.2d 888, 904 (Fla.2002) (emphasis added).

. This provision was first enacted, in similar form, in 1959. See ch. 59-130, § 3, at 234, Laws of Fla.