CANADY, C.J.,
concurring.
I agree with the majority’s decision that a claim of scoresheet error pertaining to victim injury points that were included in *806 the Criminal Punishment Code (CPC) scoresheet filed in the initial sentencing proceeding in which the defendant was placed on probation — pursuant to a negotiated plea agreement — may be raised for the first time in a timely motion filed pursuant to Florida Rule of Criminal Procedure 3.800(b)(2) during the appeal from the sentencing following revocation of probation. I write separately to articulate why, given the procedural posture of this case, Jamie Lee Tasker’s claim is not procedurally barred.
Section 924.06, Florida Statutes (2007), sets forth the circumstances when a defendant may appeal from a criminal proceeding. Section 924.06(2) states that “[a]n appeal of an order revoking probation may review only proceedings after the order of probation.” A challenge to a “proceeding” can only be understood to mean a challenge to the validity of a proceeding or a challenge to a specific determination or determinations made in a proceeding. By limiting a defendant’s right to appeal following an order revoking probation to “proceedings after the order of probation,” the statute prohibits the defendant from challenging determinations that were litigated or could have been litigated in connection with the imposition of probation— such as a conviction that was the basis for the imposition of probation.
In Tasker’s case, the determinations made for purposes of completing the CPC sentencing scoresheet were not at issue until the sentencing following revocation of probation. The propriety of the sexual contact victim injury points were not litigated and could not have been litigated at the time probation was imposed. The limitation in section 924.06(2), Florida Statutes, therefore has no application here.
Tasker received probation as the result of a negotiated plea agreement. Tasker, his defense counsel, and the State Attorney negotiated a plea agreement under which Tasker pleaded guilty to charges of lewd and lascivious molestation of a child twelve years of age or older but under the age of sixteen and child abuse. Under the agreement, Tasker faced up to twelve months of incarceration in the county jail and ten years of sex offender probation. A CPC scoresheet was prepared for this initial sentencing, as required by Florida Rule of Criminal Procedure 3.704(d)(1). The CPC scoresheet included forty victim injury points based on sexual contact and stated that the lowest permissible prison sentence for the offenses was 72.15 months. The trial court, however, accepted the plea agreement and imposed a downward departure sentence. The trial court withheld adjudication and directed that Tasker serve six months in the county jail followed by concurrent terms of probation on the two counts.
Because the trial court imposed jail time and probation rather than sentencing Tasker to prison pursuant to the CPC scoresheet, the determinations made for purposes of completing the CPC score-sheet were not at issue during the initial sentencing proceeding. Given the plea agreement with the State Attorney, which was accepted by the trial court, Tasker had no reason to object to the scoresheet points. Had the trial court rejected the plea agreement, Tasker would have had an opportunity to withdraw his plea and litigate the propriety of the scoresheet calculations at that time. See Goins v. State, 672 So.2d 30, 31 (Fla.1996) (“[W]hen there has been a firm agreement for a specified sentence and the judge determines to impose a greater sentence, the defendant has the right to withdraw the plea. Fla. R.Crim. P. 3.172(g).”). But in this case, the trial court accepted the negotiated sentence, rendering the details of the score-sheet immaterial to the proceeding.
*807 Furthermore, given the disposition pursuant to the plea agreement, Tasker had no legal ability to then challenge on appeal the assessment of points on the CPC scoresheet. Section 924.06(3) states that a “defendant who pleads guilty with no express reservation of the right to appeal a legally dispositive issue ... shall have no right to a direct appeal.” (Emphasis added.) In Tasker’s case, the points on the scoresheet were not relevant to — much less legally dispositive of — the trial court’s order of incarceration and probation, which was based on the plea agreement. Thus, the inclusion of victim injury points on the CPC scoresheet was not a determination that could have been litigated by the defendant at the time of the initial sentencing.
Given the procedural posture of this case, Tasker did not have a meaningful opportunity to challenge the imposition of the sexual contact victim injury points until the sentencing proceeding following revocation of his probation. After that sentencing proceeding, Tasker properly preserved the issue for appellate review by filing a timely rule 3.800(b)(2) motion in the trial court. Accordingly, Tasker’s appellate claim that the sexual contact victim injury points were improperly included in his CPC scoresheet should have been considered on its merits by the First District Court of Appeal.
I recant the contrary view expressed in my specially concurring opinion in Stubbs v. State, 951 So.2d 910 (Fla. 2d DCA 2007).